(139 App. Div. 73.)

### CLINTON. et al. v. BOEHM et al.

(Supreme Court, Appellate Division, First Department. June 17, 1910.)

1. CONTRACTS (§ 196\*)—ARCHITECTS' CONTRACT—DUTY OF ARCHITECTS.

　　The contract of architects, in addition to making plans, details, and specifications for a building, to "superintend the construction and erection of said building, and of the contractors and laborers engaged in constructing the said building," only requires them to see that the building is properly constructed, and does not require them to compel observation by the contractors of Labor Law (Laws 1909, c. 36 [Consol. Laws, c. 31]) § 20, requiring contractors or owners of a building under construction to protect by barriers the shafts or openings, in buildings in course of construction, in which elevators, elevating machines or hod-hoisting apparatus are used, the sole object of which section is protection of the workmen on the building from bodily injury.

　　[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 196.\*]

2. INDEMNITY (§ 15\*)—ACTION—PLEADING.

　　One seeking to hold others as indemnitors for a judgment against him must allege that he has paid the judgment.

　　[Ed. Note.—For other cases, see Indemnity, Dec. Dig. § 15.\*]

3. INDEMNITY (§ 15\*)—ACTION—PLEADING.

　　One seeking to hold others as indemnitors for a judgment against him and counsel fees for defending the action in which judgment was rendered, not having pleaded payment of the judgment, so as to be entitled to recover therefor, may not recover the counsel fees, though alleging their payment; they being but incident to the principal recovery.

　　[Ed. Note.—For other cases, see Indemnity, Dec. Dig. § 15.\*]

　　Laughlin, J., dissenting.

Appeal from Special Term, New York County.

　　Action by Charles W. Clinton and others against Abraham Boehm and another. From a judgment on demurrer, plaintiffs appeal. Reversed, and demurrer sustained.

　　The opinion of Gerard, J., at Special Term, is as follows:

　　The plaintiffs demur to the counterclaim set forth in the amended answer. The gist of the counterclaim is, briefly: That the defendants employed the plaintiffs as architects to prepare plans and specifications and to superintend the construction and erection of a certain building in the city of New York; that the plaintiffs negligently suffered and permitted the contractors engaged in the construction of the building to carry on their work contrary to the laws of the state of New York, in that they negligently permitted the openings and shafts through which the hoisting apparatus, elevators, and elevating machines were operated to remain unguarded; that the inclosure of such openings is usual and necessary to prevent persons from falling into the same, and is required by the laws of the state of New York; that one George Henry Ward, while lawfully on the premises, fell through the shaft or opening on the fifth floor of the building and died as a result of the injuries thereby sustained; that the accident was due to the negligence of the plaintiffs in permitting such an opening or shaft to remain unguarded and in permitting the contractors engaged in the construction of the building to carry out their work in a negligent and unlawful manner; that one Charles Ward, as administrator of the estate of said George Henry Ward, brought suit against the defendants in the United States Circuit Court for the Southern District of New York and recovered a judgment against them for the sum of $11,656.-30; and that the defendants expended the sum of $814.40 for attorney's fees, witness' fees, and other expenses incurred by them in the defense of said action. To this counterclaim the plaintiffs demur. A demurrer to the counter-

claim contained in the original answer was sustained by Mr. Justice Bischoff, and the plaintiffs claim that under the authority of his decision the counterclaim of the amended answer is likewise demurrable. The original answer seems to have been drawn upon the theory that the plaintiffs had bound themselves that the contractors engaged in the construction of the building would perform their work in conformity with the requirements of the laws of the state of New York, and agreed that such contractors would use ordinary and reasonable care in the performance of their work; that is, as Justice Bischoff said, that the plaintiffs had by agreement assumed an obligation to respond to the defendants for the negligence of the contractors or other persons engaged in the construction of the building. This the court said was not incidental to the services ordinarily rendered by architects in superintending the construction of a building, and that the defendants, in attempting to set forth the agreement, had pleaded only their conclusion. The counterclaim of the amended answer, however, is based on negligence.

That an architect is liable to his employer for negligence in the performance of his duties is well settled, and the demurrer raises the question whether it is within the duty of an architect employed to prepare plans and specifications and to superintend the construction and erection of a building to superintend the work of the contractors, not merely to the end that the building shall when completed be properly erected in accordance with the plans and specifications, but also to the end that the owner shall not be made liable for damages by reason of the fact that the building is constructed in a manner prohibited by law. I can find no authority whatever on this question, except possibly the statement in Hudson on Building Contracts (2d Ed.) vol. 1, p. 51, that an architect, acting as superintendent, is bound to give all notices required by law to the local and other authorities and to adjoining owners, and that if the contractor binds himself to give all necessary notices the architect is none the less bound, as superintendent of the works, to see that the contractor does what he bargained to do, or to inform the employer if the contractor fails to do so. I do not rely on this statement, but, disregarding it, I think that it is the duty of an architect employed to superintend the construction of the building to generally represent the owner on the premises and in every way protect his interests in relation thereto with reasonable care and diligence, to see to it not only that the building is erected in accordance with the plans and specifications, but also to exercise reasonable care that the owner shall not be made liable to pay damages for personal injuries by reason of failure to comply with the requirements of the law

The plaintiffs also claim that the counterclaim fails to state a cause of action for the reason that it contains no allegation that the defendants have paid the judgment recovered against them by the administrator of Ward; that it is not the recovery of a judgment, but the payment thereof, which constitutes the foundation of an action for indemnity. This may be true; but it is unnecessary at the present time to decide that question, as the counterclaim alleges the expenditure of $814.40 for the necessary expenses of the defense of the action brought against them by the administrator, and if these expenses were reasonably incurred they form a proper basis for an action. Phœnix Bridge Co. v. Creem, 102 App. Div. 354, 92 N. Y. Supp. 855, affirmed 185 N. Y. 580, 78 N. E. 1110.

Demurrer overruled.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

William H. Haldane, for appellants.
William Arrowsmith, for respondents.

SCOTT, J. The plaintiffs appeal from an interlocutory judgment overruling their demurrer to a counterclaim interposed by the defendants.

The plaintiffs are architects and sue for a balance of fees alleged to be due them for services in preparing plans and specifications for

and superintending the construction of a building for defendants, the owners thereof. The counterclaim to which plaintiffs have demurred is based upon an allegation of plaintiffs' negligence in the performance of the duties which they assumed to perform for defendants, and raises a question as to the extent and nature of such duties which seems to be one of first impression, since neither of the learned counsel who argued the appeal, nor the learned justice who overruled the demurrer, have referred us to any·case precisely in point. Nor have we ourselves been able to find any such case. Briefly stated, the allegations of the counterclaim are that plaintiffs entered into a contract with defendants wherein and whereby they (the plaintiffs) "promised and agreed to act as architects for them (the defendants) and to make all necessary plans, details and specifications, and also to superintend the construction and erection of said building, and of the contractors and laborers engaged in constructing the said building, and to use and employ therein their best skill and endeavor." This is the extent of the obligations assumed by the plaintiffs as set·forth in the counterclaim.

The negligence imputed to plaintiffs is this: That in constructing said building elevators, elevating machines, and hoisting apparatus were used for the purpose of lifting material, and were operated in shafts and openings as plaintiffs knew; that plaintiffs negligently suffered and permitted the contractors under their supervision and control and engaged in the construction and erection of said building to carry on and perform the work contrary to the laws·of the state of New York in a negligent and careless manner, in that they suffered and permitted the openings and shafts through which the hoisting machines were operated to be maintained and used, and to remain entirely unguarded and without barrier, fence, or inclosure. It is then alleged that in consequence of the lack of barriers one George Henry Ward fell through one of the shafts or openings and was killed, and that his administrator brought suit against defendants and recovered a large judgment which defendants will be obliged to pay, and that in defending said action defendants were obliged to pay and did pay out a sum of money. Although the counterclaim does not specify the particular law of the state of New York said to have been violated, it is evident from the phraseology that reference is made to section 20 of chapter 415, Laws 1897, as amended by chapter 192, Laws 1899, and chapter 520, Laws 1905, and now re-enacted as section 20 of the labor law (chapter 36, Laws 1909 [Consol. Laws, c. 31]). This act imposes upon contractors or owners of a building under construction the duty to protect by barriers the shafts or openings, in buildings in course of construction, in which elevators, elevating machines, or hod-hoisting apparatus are used.

The question to be considered is as to the nature and extent of the obligation assumed by plaintiffs, under the allegations of the counterclaim, for it is clear that they cannot be charged with negligence for the failure to do something which they were under no obligation to do. Besides making the necessary plans, details, and specifications, it is alleged that plaintiffs also agreed to "superintend the construction and erection of said building, and of the contractors and

laborers engaged in constructing the said building." Giving to these words their natural and reasonable construction, they impose upon plaintiffs no other or greater duty than to be reasonably vigilant to see that the plans and specifications are followed, that proper material is used, that the building laws are complied with, and generally that the owner receives such a building as he contracts for, and even for defects in these particulars an architect employed to "superintend" is not responsible in damages if he has exercised reasonable care and skill. Peterson v. Rawson, 34 N. Y. 370. The section of the labor law which plaintiffs are charged with permitting the contractors to violate had nothing to do with the construction of the building which could be as well constructed, and could as perfectly follow the plans and specifications without barriers around the shafts and openings, as with them. The sole object of the section was to protect the workmen employed upon the building from bodily injury. Genovesia v. Pelham Operating Company, 130 App. Div. 200, 114 N. Y. Supp. 646. The very utmost obligation assumed by the plaintiffs under their alleged special contract of supervision was to see that the building was properly constructed, and, if that result was achieved, they were not called upon to watch and inspect every means adopted by the contractors in fulfilling their contract. We are therefore of the opinion that the obligations assumed by plaintiffs, as specified in the counterclaim, did not include an obligation to compel the observance by the contractors of that section of the labor law to which reference has been made. Furthermore, the counterclaim does not allege that the defendants have paid the judgment which they now seek to recover from plaintiffs. Such an allegation is essential in an action against one sought to be held as an indemnitor. The counsel fees, which it is alleged to have been paid, are but incidental to the principal recovery.

In our opinion the demurrer to the counterclaim should have been sustained.

The judgment is therefore reversed, with costs, and demurrer sustained, with costs, with leave to defendant to serve an amended answer amending the counterclaim set up on payment of costs in this court and in the court below within 20 days.

INGRAHAM, P. J., and CLARKE and MILLER, JJ., concur.

LAUGHLIN, J. I dissent for the reasons stated in the opinion of GERARD, J., at Special Term.