[Civil No. 1345.   Filed June 12, 1914.]

[141 Pac. 572.]

## SOUTHWESTERN ARIZONA FRUIT AND IRRIGATION COMPANY, a Corporation, Appellant, v. JOHN W. CAMERON, Appellee.

1. APPEAL AND ERROR—REVIEW—QUESTIONS OF FACT.—Where plaintiff sued in one count for compensation under a contract to do certain work for defendant for $3,176.54, and in a second count on a *quantum meruit* for doing of the same work, whether plaintiff performed the contract so as to be entitled to recover on the first count was a question of fact for the trial court.

2. WORK AND LABOR—MEASURE OF DAMAGES—REASONABLE VALUE OF SERVICES—CONTRACT PRICE.—On a *quantum meruit* for work and labor performed, plaintiff's measure of damages is the reasonable value of the services performed, and not the amount agreed to be paid for the work under contract.

3. WORK AND LABOR — PERFORMANCE — VALUE — EVIDENCE — CONTRACT PRICE.—Where, in a suit on a *quantum meruit* for work and labor, there is a controversy as to the manner and sufficiency of performance, and it is sought to recover the reasonable value of the services on the theory of unjust enrichment, it is incumbent on plaintiff to prove the value of the services to defendant by evidence *dehors* the contract, with the limitation that it cannot recover the contract price, and hence evidence of the contract price was insufficient to show that it was the reasonable value of the services.

4. WORK AND LABOR—QUANTUM MERUIT—EVIDENCE.—In a suit on a *quantum meruit* for work and labor performed under a contract with defendant, a finding in plaintiff's favor for $1,000 *held* contrary to the evidence.

APPEAL from a judgment of the Superior Court of the County of Maricopa. J. C. Phillips, Judge. Reversed and remanded.

The facts are stated in the opinion.

Messrs. Kibbey, Bennett & Bennett, for Appellant.

Mr. E. S. Ives and Mr. Gerald Jones, for Appellee.

ROSS, J.—The appellee sued the appellant for a balance of $3,176.54, alleged to be due him on a written contract, by the terms of which the plaintiff agreed to repair and put into condition a designated portion of defendant's canal, for which he was to receive $5,000. The complaint contains two counts; one count on the contract, which is pleaded *in haec verba* and according to its tenor and effect; and one on *quantum meruit*.

Defendant's answer consisted of a general demurrer, an admission of the execution of the contract sued on, with a denial of its legal effect and tenor as pleaded by plaintiff, and a general denial of all allegations in complaint not specifically admitted or denied.

The case was tried by the court without a jury, and resulted in a verdict for the plaintiff in the sum of $1,000, upon which judgment was entered. Motion for new trial was overruled. From the order overruling which and the judgment this appeal is prosecuted.

Four errors are assigned, but we do not deem it necessary to pass upon all of them. The one that we shall notice is as follows:

"The court erred in rendering judgment in favor of the plaintiff and against the defendant in the sum of $1,000, as there is no evidence whatever in the records of this case to support such judgment."

All of the evidence introduced by plaintiff was directly in support of the special count upon the contract and its full performance. If that count was supported by the evidence, the appellee should have had judgment for the contract amount, less credits, or for $3,176.54, the amount sued for. In other words, if the plaintiff, by proper and legal evidence, proved full and complete performance, he was entitled to full

and complete payment; nothing short of it would satisfy his demand. It is therefore evident that the plaintiff failed in his proof to convince the court that he had completely or substantially performed his part of the contract, or the judgment would have been for $3,176.54, instead of $1,000.

It was a question of fact to be decided by the trial court as to whether plaintiff had fully performed his contract (*Adlard* v. *Muldoon,* 45 Ill. 193), and had that fact been resolved by the court in favor of plaintiff, the contract price was the measure of his damages. The court must have determined that fact adversely to plaintiff, because the judgment was for much less than the balance of the contract price.

On the *quantum meruit* count it is not the amount agreed to be paid under the contract, but the reasonable value of the work and labor performed, that the plaintiff is entitled to recover.

It may be true, as we think it is, that the contract is evidence of the value of the labor and work performed where the only dispute is as to the price (*Livingston* v. *Wagner,* 23 Nev. 53, 42 Pac. 290; *Blankenship* v. *Decker,* 34 Mont. 292, 85 Pac. 1035; 9 Cyc. 685, 686), but when the controversy is as to the manner and sufficiency of performance, and it is sought to recover the reasonable value of services, as upon an implied contract, upon the theory that, while the contract may not have been fully performed, yet the work and labor added to the value of defendant's canal, it is incumbent on plaintiff to prove such value by evidence *dehors* the contract, with the limitation that the recovery could in no event exceed the contract price.

There being no doubt that the judgment was based on the *quantum meruit* count, we have examined the evidence to see if it supports the judgment. The appellee introduced no evidence of value whatever, outside of the contract price agreed upon for the completed job. He made no proof that the work done by him on the canal was of any value. The evidence of the amount and character of the work done was introduced by the appellant over objections of appellee. It was offered by appellant for the purpose of refuting appellee's claim of full performance, and, from the judgment entered, it evidently had that effect. Avery, the superintendent of appellant, in his examination went into some details as to the kind

and character of the work done, but in one instance only did he give any value to this work. That was when he said appellee had excavated from the canal "in the neighborhood of 900 cubic yards" of earth, which he said was worth "about $1 per cubic yard." This was necessary work, as shown by the evidence, and an improvement to the canal, and therefore of value to appellant to the extent of $900. But the pleadings show that appellee had received from appellant on account of his contract, during the time the work was in progress and before suit, the sum of $1,823.46, over twice as much as the value of his services as proved. In other words, the court had before it evidence that the appellee had done work on the canal, but the only proof of value was the item of $900 for excavation. The appellee, we grant, was entitled to recover the $900, even though it was proved by appellant over his objection, and on the introduction of its defense, unless the appellee had already received from appellant that amount or more. He had been paid more than twice as much as the evidence showed him entitled to. We know of no principle of law that would authorize a jury, or court sitting as a jury, in the absence of evidence of value, arbitrarily to find a value. It might be more expeditious to dispense with such proof, and leave the value to be determined by the court or jury from their common knowledge and understanding of values, but the law, in the absence of an agreement between the parties as to the value, insists that it is an issue to be tried. The court having found, as we assume it certainly did, that the appellee had failed to fully perform or substantially perform his contract, entitling him to recover the contract price, it became necessary that evidence on the issue of value under the *quantum meruit* count be offered before the court would have a basis for a verdict or judgment upon that issue.

The court, in the trial of the facts, was performing the ordinary functions of a jury, and, in arriving at a verdict on the facts, was controlled by like considerations. The verdict and judgment thereon do not conform to the evidence, and are without the support of any evidence. The perniciousness of such a verdict, when by a jury, is characterized by Thompson on Trials, section 2606, in the following language:

"Where the verdict which the jury return cannot be justified upon any hypothesis presented by the evidence, it ought

to be set aside. Thus, if a suit were brought upon a promissory note, which purported to be given for $100, and the only defense was that the defendant did not execute the note, and the jury should return a verdict for $50 only, it would not be allowed to stand; for it would neither conform to the plaintiff's evidence, nor to that of the defendant. It would be a verdict without evidence to support it; and it is not to be tolerated that the jury should assume, in disregard of the law and evidence, to arbitrate differences of parties, or to decide according to some supposed natural equity, which in reality is merely their own whim."

Judgment reversed and cause remanded for a new trial.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.