MERRITT & CHAPMAN DERRICK & WRECKING Co., Plaintiff, *v.* TERRY & TENCH Co., INC., Defendant.

(Supreme Court, New York Trial Term, February, 1919.)

Contracts — what is a maritime contract — insurance (marine) — ships and shipping — jurisdiction — admiralty — res adjudicata.

> While an agreement to procure insurance on a boat, standing alone, is not a maritime contract or within the jurisdiction of a court of admiralty, yet where it is a part of the contract of hiring of the boat, which is a maritime contract, it is cognizable by the admiralty court so far, at least, as it would constitute a defense to an action on such contract.

> Where as part of the contract of the hiring of a boat defendant agreed that it was or would be insured for plaintiff's benefit, the decree of a court of admiralty awarding damages to defendant herein against plaintiff herein for injury to the boat, which was not insured, while in possession of the plaintiff under the contract of hiring, is *res adjudicata* in an action to recover the damages plaintiff was obliged to pay because the boat was not insured.

MOTION to dismiss and also motion to set aside verdict and for a new trial.

Foley & Martin (William J. Martin, of counsel), for plaintiff.

Marsh & Wever (Chas. C. Marsh, of counsel), for defendant.

PENDLETON, J.   Plaintiff claims to have hired a derrick or boat from the defendant, defendant agreeing that it was, or would be, insured for plaintiff's benefit; that the boat was injured while in plaintiff's possession and they were obliged to pay for the same. The boat was not insured, and by reason thereof plaintiff was unprotected by insurance and suffered damages. The answer denies the contract to insure and as an affirmative defense alleges as *res adjudicata* the decree of the

Supreme Court, February, 1919.          [Vol. 106.

admiralty court awarding damages to defendant for injury to the boat while in plaintiff's possession. At the end of plaintiff's case a motion to dismiss was made by defendant, and at the end of the whole case to direct a verdict for the defendant. Decision as to both motions was reserved. After verdict a motion was made by the defendant to set aside the verdict and for a new trial, and decision of this motion was reserved. These motions now come up for decision. It seems quite clear that in the conversation on August twentieth between the witness Weeks and witness Tench some agreement between the parties was arrived at. The complaint and answer both allege it. The date mentioned is not essential. Plaintiff's witness Weeks so claims, and Tench, defendant's witness, says that Weeks said he would get up a charter party and in the meantime they would go ahead and use the two boats at the monthly rate of $500 a month. At the time of this conversation plaintiff had been using the boat under a *per diem* arrangement and thereafter continued to use it. Two bills were introduced in evidence made out by the defendant and paid by the plaintiff, one for the period before August twentieth on the *per diem* rate and one for the period after August twentieth at the monthly rate. It is thus plainly established that there was an agreement at that time of some kind at least o' 1 temporary character, with the understanding on the part of both that a more detailed charter party would be agreed upon and signed later. No formal charter party was ever agreed upon or signed, and evidently the parties continued under the temporary agreement. Plaintiff's witness Weeks contends that it was part of this agreement that defendant had or would insure the boat and that it should be for plaintiff's benefit. Defendant's witness Tench says the provision as to

this was left for the charter party. Whether or not it was part of the temporary agreement becomes thus a question of fact for the jury, and the motion to dismiss or direct a verdict on the ground that the contract sued on had not been established must be denied. Whether the case was left to the jury on the wrong theory is another question. If so, it is not available here. Defendant was not prejudiced thereby. No objection to the charge was made on this ground. On the contrary, the charge as made was at defendant's specific request. But even if available here, it could only result in setting aside the verdict and granting a new trial. As to the alleged *res adjudicata,* the libel in the admiralty court was *in personam,* based on the implied agreement of the charterer as bailee under this verbal contract of hire or bailment, and alleged " that the said libelant performed all the conditions of said hiring on its part to be performed." The answer alleged that the libelant agreed that " the derrick was insured by the owner against all risks and that such insurance should apply for the benefit of the charterer," and denied that " libelant performed all conditions of said hiring on its part to be performed." That the derrick was not insured for plaintiff's benefit or otherwise was practically conceded and testimony pro and con was given as to the agreement about insurance. No reference to the matter of insurance was made in the decrees or opinions, but plaintiff was held liable for the injuries caused to the derrick. While the opinions and decrees do not therefore specifically refer or purport to determine the issue sought to be raised in this case, the record shows that the alleged contract to insure, and defendant's failure to perform, were put in issue by the pleadings and made the subject of testimony. In *Reich* v. *Cochran,* 151 N. Y. 122, it was said: " The general rule is well settled that

the estoppel of a former judgment extends to every material matter within the issues which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Whatever is necessarily implied in the former decision is, for the purpose of the estoppel, deemed to have been actually decided." There can be no *res adjudicata* unless the court had jurisdiction of the subject matter of the action, and the plaintiff contends that the court of admiralty had no jurisdiction to entertain or determine any issue as to defendant's contract to procure insurance. It is well settled that an agreement to procure insurance or to cause to be insured standing alone is not a maritime contract or within the jurisdiction of a court of admiralty. *City of Clarksville,* 94 Fed. Repr. 201; *Marquardt* v. *French,* 53 id. 603. The alleged contract in this case was, however, if it existed at all, part of the contract of hiring, which was a maritime contract, and being thus involved as an element or incident of a maritime contract was properly cognizable by the admiralty court, at least if and so far as it would constitute a defense to an action on such a contract. *Nash* v. *Bohlen,* 167 Fed. Repr. 427; *Keyser* v. *Blue Star S. S. Co.,* 91 id. 267; *City of Clarksville,* 94 id. 201; *Rosenthal* v. *The Louisiana,* 37 id. 264. If the alleged contract to insure or its performance was a condition precedent to plaintiff's liability on his contract as bailee to exercise due care in the use of the derrick, it was properly put in issue by the allegations in the answer in the admiralty suit, and was necessarily involved in the determination

in that proceeding, and as the admiralty court had jurisdiction, its decision is *res adjudicata. Dunham* v. *Bower,* 77 N. Y. 76. If the covenants were not dependent but independent covenants, only affording a remedy not by way of defense, but as a matter for counterclaim or cross-action, it was not so pleaded, and whether involved in that decision, or may still be the subject of an independent suit, may be a question, in view of the liberality in admiralty pleadings. It is unnecessary to decide this, or whether, if a matter of counterclaim or cross-action only, a court of admiralty would have had jurisdiction. Whether covenants are dependent so that the one or its performance is a condition precedent to liability on the other, or whether they are independent covenants giving a right to independent cross-actions only, is a question of construction. Where one precedes in time of performance the other, or is concurrent therewith, and is necessary or proper to enable the other to perform, or relates to such performance, it or its performance is a condition precedent. *Tipton* v. *Feitner,* 20 N. Y. 423; *Gail* v. *Gail,* 127 App. Div. 892. The alleged covenant to insure evidently was intended to precede or at least be concurrent with the inception of plaintiff's liability to care for the property under the contract of hire and was intended to protect plaintiff in the assumption of such liability; its performance was therefore a condition precedent to plaintiff's obligation and its breach was a good defense to the libel. The question, therefore, whether or not there was an agreement by defendant to insure as part of the contract of hire was directly comprehended and involved in the matter expressly decided in the admiralty suit, and the defense of *res adjudicata* was thus made out and the motion to direct a verdict must be granted. It by no means follows, as urged by plaintiff, that there would

be no liability for willful injury or conversion of the derrick, or use and occupation if used. There seems no warrant for the damages found by the jury. The most plaintiff could recover was the cost of repairs, $2,010.08, and the expense of raising the derrick, $200; total $2,210.08. There was nothing in the contract as claimed, as to insuring articles on the derrick, or to insure the rent or use value of the derrick. There could therefore be no claim for demurrage or lost articles. Unless plaintiff would consent to reduce the verdict to the above amount, with interest thereon from the date of its payment, or if that was not proved, the commencement of the action, as payment was admitted in the pleadings, the motion to set aside the verdict and order a new trial would have to be granted. But in view of the granting of the motion to direct a verdict this becomes immaterial.

Ordered accordingly.