MAYNARD O. KLEMMT, RESPONDENT, v. WILLIAM YESKEL, APPELLANT.

Argued October 22, 1925—Decided February 1, 1926.

1. An agreement between an architect and an owner reading as follows: "You agree to pay us a fee in the sum of six per cent. on the net cost of the building construction from estimates accepted for preparation of plans and specifications and supervision of said work for any part of the work that may be constructed, in accordance with our drawings and specifications. Manner of payments as follows: Three per cent. when the estimates are received and accepted, of the cost of work proceeded with and the balance of three per cent. to be paid in proportion of the amount of certificates issued to the respective contractors on payments due for work performed," provides only for the architect's compensation in the event of the use of the plans and specifications in the structure for which the plans were prepared, and does not preclude a recovery by him of the reasonable value of the services rendered where the intended construction is abandoned by the owner.
2. The compensation set forth in such agreement is not controlling in determining the reasonable value of the services where the intended construction is abandoned by the owner.

On appeal from the Essex Circuit Court.

For the appellant, *Philip J. Schotland.*

For the respondent, *Wolber & Gilhooly.*

The opinion of the court was delivered by

LLOYD, J.  Appellant was a manufacturer of bags and burlaps in the city of Newark, and in connection therewith owned a warehouse which had become inadequate to meet his business requirements.  While negotiating for the purchase of a larger structure he was advised by a builder acquaintance that he might better alter and enlarge his present building.  In consequence, the acquaintance brought the plaintiff, Klemmt, an architect, to Yeskel, the defendant, with the view of advising him of the feasibility of making the suggested changes.  The interview which took place about July 20th, 1922, resulted in Yeskel directing Klemmt to prepare plans and estimates which the latter, after making measurements of the building, proceeded to do.  When these were finally in shape bids were procured from a number of builders.  The bids, however, were in excess of the amount the appellant was prepared to expend, and after repeated modifications the project was abandoned by him.

The present suit was brought by Klemmt to recover the reasonable value of the services rendered in getting up the plans, specifications and estimates.  The defense was that the plaintiff was to be paid only and if the plans and specifications should be used, and further, that the complete terms of the contract were embraced in a letter written to the appellant by respondent.  There was a verdict and judgment for the plaintiff, and the defendant appeals.

The grounds of appeal relied upon for reversal are that the court erred in denying motions for a nonsuit and to direct a verdict for the defendant, in refusing a request to charge that "if the jury find plaintiff is entitled to recover the reasonable value of his services the recovery must be limited to three per cent. of the estimated cost of the one-story addition," and, finally, in charging the jury as follows:

"Here we find an agreement between the parties as to payment for the services rendered for preparing plans and specifications, but containing no provision as to compensation in case none of the estimates were accepted and no building erected. The owner did not accept any of the estimates and did not erect the building under the plans as prepared by the plaintiff.

"If the contract was as prepared by the plaintiff, and it is disputed [should read undisputed], and if the plaintiff performed his part of the services but was unable to continue because the owner did not accept the estimates and did not go on with the building, the defendant becomes obligated to pay the plaintiff the reasonable value of his services as rendered."

The letter referred to reads:

"Conforming with our verbal conversation, we have proceeded with the plans and specifications for the erection of 1, 2 or 3 additional stories over part or all of the one-story building as described and made clear to you.

"You agree to pay us a fee in the sum of six per cent. on the net cost of the building construction from estimates accepted for preparation of plans and specifications and supervision of said work for any part of the work that may be constructed, in accordance with our drawings and specifications.

"Manner of payments as follows: Three per cent. when the estimates are received and accepted, of the cost of work proceeded with and the balance of three per cent. to be paid in proportion of the amount of certificates issued to the respective contractors on payments due for work performed.

"As a matter of form, when the construction of the work is proceeded with we will enter into our usual form of agreement to be taken up with you at a later date."

It was claimed at the trial and is contended here—first, that the letter constituted the entire contract as to fees and barred a recovery for any sum; and second, that even if this were not the case the amount of recovery must, under the proper construction of the letter, be limited to a sum equal to the percentage expressed therein, as based on the lowest bid received from bidders.

The learned trial judge declined to accept either view thus contended for, and we think rightly. The letter was dated August 15th, several weeks after the services had been ordered and much of the work done, and we think it quite apparent that it was written wholly, and only to cover the contingency of the utilization of the product of the respondent's labor in the proposed alteration. That it was in the mind of the writer to waive compensation in the event of nonuse of the materials he had prepared, or that it could have been so understood by its recipient is not justified by any reasonable interpretation of its language.

The motions for nonsuit and a directed verdict were, therefore, properly refused for the reasons given, and for the same reasons it follows that conclusive effect could not be given to the percentages set forth in the letter on bids that might be received as to the reasonable value of the services.

This disposes of all the questions raised except only the last paragraph of the charge quoted. Apparently, this paragraph is modified by counsel to conform to his recollection of the charge and is not authenticated in any manner. Whether the court said the contract was disputed or that it was undisputed might be of material importance, and the record should, in case of dispute, be certified to by the court. In the present case, however, the only reason set forth in appellant's brief to support the claim that there was a dispute as to the terms of the contract is that the letter constituted the whole of the appellant's obligation. As we have found this not to be its proper construction the variance between the record as it is, and as it is claimed it should be, becomes unimportant.

The judgment will be affirmed, with costs.

*For affirmance* — The Chancellor, Chief Justice, Trenchard, Parker, Minturn, Black, Katzenbach, Campbell, Lloyd, White, Gardner, Van Buskirk, McGlennon, Kays, Hetfield, JJ. 15.

*For reversal* — Kalisch, J. 1.