[No. 22852.   Department One.   May 7, 1931.]

LIN B. BISSELL, *Appellant*, v. J. H. McCORMACK *et al.*,
*Respondents.*[1]

*O. R. Schumann* and *Cheney & Hutcheson,* for appellant.

*F. A. Kern,* for respondents.

MITCHELL, J.—This action was brought to recover for services as an architect. The complaint alleged, in substance, that, upon request of the defendants, the plaintiff prepared and delivered plans, specifications, and drawings for a business block to be constructed by the defendants, which plans, specifications, and drawings, the defendants still retain. That after the plans, etc., were delivered, the defendants called for bids for the construction of the building, in accordance therewith, and that a number of parties submitted bids,

[1]Reported in 298 Pac. 697.

whereupon defendant accepted two of them and awarded contracts accordingly, one for the building proper in the sum of $18,570 and the other for the plumbing and heating in the sum of $4,375.

It was further alleged that the plaintiff was to receive for the plans, specifications, and drawings, and superintending the construction of the building, the agreed and reasonable amount of five per cent of the cost, or three and one-half per cent if defendants did not build. That after the bids were accepted, plaintiff, at the request of the defendants, prepared contracts to be signed by the successful bidders and that, thereafter, the defendants refused to proceed with the building. That defendants became indebted to the plaintiff in the sum of three and one-half per cent of the total price of the building, according to the contracts awarded, for which amount judgment was demanded.

The defendants by their answer, in substance, after admitting that plaintiff, upon request of the defendants, made and delivered certain plans, specifications, and drawings for a building, alleged that the understanding and contract between the parties was that, if the building could not be constructed for $20,000, nothing whatever was to be paid for the plans, and that, accordingly, since the bids were substantially in excess of $20,000, the defendants were in no way indebted to the plaintiff.

The case was tried by the court, without a jury, and decided in favor of the defendants. The plaintiff has appealed.

There was a direct conflict, in the testimony, as to what the contract was under which the plans and specifications were prepared and delivered to the respondents. The court found that the contract at that time was

" . . . that should the total cost of said building exceed the sum of $20,000 and the said defendants not construct said building that plaintiff should have nothing for the drawing of said plans and specifications and work in connection therewith."

The court further found that, under that contract, plans and specifications were prepared, presented to, and accepted by the respondents, and also found that they contained "no estimate or suggestion of the costs of construction." The court found, also:

"That notice was given to several contractors who made bids on construction. That such bids were opened in the presence of plaintiff and defendant J. H. Mc-Cormack, and the contractors involved. That taking said bids and the minimum bid in all alternative bids into consideration, the minimum total bid for construction was $22,945. That defendant, J. H. McCormack at that time stated that he was satisfied with the bids and instructed plaintiff to prepare the contracts and that plaintiff did so and delivered said contracts to defendant J. H. McCormack in due course."

With respect to this last finding, Mr. McCormack testified that, upon accepting the bids and directing contracts to be prepared for signing, he knew at that time that the bids amounted to $22,945. The court further found that the respondents delivered a copy of the contract to the successful bidder for the construction of the building, which was signed and delivered by the bidder to the respondents. While there was no finding to that effect, the evidence shows, without dispute, that the successful bidder for the plumbing and heating was furnished a copy of his contract by the respondents.

The evidence further shows, without dispute, that each successful bidder furnished a check with his bid, as called for in notice to bidders, which, in the case of one of the successful bidders, was held by the respondents for nearly a year, and several months in the case

of the other bidder. The successful bidders stood ready, so they testified, to perform their contracts but were not allowed to do so by the respondents. The respondents have retained the plans and specifications.

Assuming that the contract under which the plans and specifications were furnished was, as the court found it to have been, that appellant should have nothing for them if respondents did not construct the building should the total cost exceed $20,000, respondents would have had the right, we may assume, upon ascertaining that the cost of the construction exceeded $20,000 by an appreciable amount, to reject all bids, to have returned the plans and specifications to the appellant, and escaped all liability.

That they did not do. On the contrary, in legal effect, they waived their rights under that contract, accepted the plans and specifications as for a building costing $22,945, accepted bids, and had contracts prepared by their architect accordingly, and delivered such contracts to the successful bidders, both of whom bound themselves by checks accompanying their bids, and one of them by actually signing and delivering his contract. By so doing, the respondents became bound by an implied contract to pay to the appellant the reasonable value of the plans and specifications still retained by them.

This condition, limitation on the costs of construction, is intended for the protection of the owner and may be waived. 5 C. J., p. 262, § 13.

The case of *Graham v. Bell-Irving*, 46 Wash. 607, 91 Pac. 8, is called to our attention. But it is not in point. It was an action to recover a balance due for services as an architect, part payment having been made before bids for constructing the building were received. The defense established at the trial was that the architect was employed to prepare plans, etc., for a building to

cost $20,000, and, with extras, not to exceed $25,000, which the architect assured, but that when bids were received, the lowest was $35,000, and largely in excess of the defendant's financial ability for that purpose; that the plans and specifications were wholly worthless to the defendant; that he had not used them, except to call for bids; and that they were returned into court for the plaintiff. Defendant in that case had in no way waived his rights under the contract with respect to the limitation of the costs of building.

The evidence in this case upon the subject of the ordinary and reasonable charge, or value, for drawing plans and specifications, of the kind involved in this action, was three and one-half per cent, in which amount, figured on the amount of the bids as accepted, appellant is entitled to recover.

Judgment reversed, with directions to the superior court to enter judgment accordingly.

TOLMAN, C. J., PARKER, HOLCOMB, and MAIN, JJ., concur.