**STERLING v. MARSHALL et al.**

**MARSHALL et al. v. STERLING.**

Nos. 511, 512.

Municipal Court of Appeals for the
District of Columbia.

July 9, 1947.

Dennis Collins, of Washington, D. C., for appellant Sterling.

Errett G. Smith, of Washington, D. C., for appellees Marshall and another.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

These are cross-appeals from a judgment for plaintiffs in an action for engineering services. For convenience the parties will be designated as they were in the trial court. Plaintiffs sued for services rendered in preparing designs and specifications, and in obtaining bids for the construction of a retaining wall on defendant's property, to correct a condition for which an existing wall had been condemned by the District Government. The suit was in three counts, each claiming $1,488.70. The first count was based on an express contract claiming ten per cent of $14,887; the second count was on a quantum meruit for services performed and the third was for damages for repudiation of the contract.[1]

---

[1] The third count is no wise involved on this appeal, the issues being confined to the first two counts.

The agreement between the parties provided for a fee to plaintiffs of ten per cent of the cost of the construction work; two-thirds to be payable when the building permit was issued and the remainder when the work was completed. Testimony of Mr. Gongwer, one of the plaintiffs, was substantially as follows: that he was consulted by defendant who told him that part of the retaining wall surrounding her home had been condemned by the District Government, and that she wished the wall repaired in order to satisfy the requirements of the building department; that he designed plans for a wall and presented them to defendant for her approval; that he sent out requests for bids to five contractors, of whom only two responded. One bid was for $29,100 and the other for $11,207; that defendant thought both of the bids were too high; nevertheless she said she wanted certain changes in the plans; that plaintiffs made such changes and based upon them received a new bid for $14,887. This bid, the contractor specified, would be good for only fifteen days. Defendant did not accept the bid within that time and plaintiffs heard nothing from her until they billed her for a payment on account some weeks later. Plaintiffs admitted that the plans designed by them were not for the cheapest construction which would enable the wall to pass inspection. Also, it was not disputed that plaintiffs rendered no service by way of supervising the actual construction. On the other hand it was also not disputed that defendant had, without the knowledge of plaintiffs, contracted with Segreti Brothers, a firm of her own selection, for the construction of a wall and that this work was done for $4,700 and passed the District inspection.

Defendant testified that she instructed plaintiffs that she wanted the job done as cheaply and quickly as possible; also that she told Gongwer (one of plaintiffs) that although the low bid of $11,207 was excessive, if she were to spend that much she might as well spend a little more and have the wall built exactly as she really wanted it; that she thought the changes she then had in mind would not cost more than an additional $1,000 but when the plans were revised the bid was for $14,887. She also testified that she then made independent inquiries of her own, without consulting plaintiffs, and as a result contracted with Segreti Brothers who built the wall. It was not disputed that whereas the original plans contemplated a wall of 100 feet, the wall built by Segreti was only half that length, and of a different and (according to an expert produced by defendant) cheaper type of construction.

There was testimony that the bid of $14,887 was not an unreasonable one for the type of wall designed by plaintiffs.

Defendant contended that the terms of payment set out in the contract amounted to conditions precedent and that because they had not been performed by plaintiffs there could be no recovery on the contract. She also claimed that plaintiffs had violated her instructions which were to design the cheapest wall possible; and that because she had been able to have it built for so much less than the lowest bid they had secured, they had forfeited all right to compensation.

The trial judge disallowed recovery on the first count, ruling that plaintiffs' compliance with the contract was a condition precedent to recovery on the contract and that since plaintiffs had not complied they could not recover thereon. He ruled, however, that under the second count plaintiffs were entitled to recover on the theory of a quantum meruit. He explained that if defendant thought the bid of $11,207 was too high she should have so notified plaintiffs at that time and that when she suggested changes which would increase the cost she was thereafter precluded from raising the objection that the cost was too high. The judge also stated that since the parties did not have Segreti, the ultimate contractor, in mind when the ten per cent fee was agreed upon plaintiffs were not limited in their recovery to ten per cent of the amount paid to Segreti. He awarded judgment in favor of plaintiffs for $750 and, as we have said, both parties have appealed.

Plaintiffs contend that they were entitled to judgment for the full amount, either on the contract or on a quantum meruit basis. Defendant contends that there should have been no recovery on the contract because

conditions precedent had not been met and defendant's instructions had been breached. Defendant also contends that if recovery were proper it should not have exceeded $470 or ten per cent of the amount paid to Segreti for the actual construction work. Other errors were also assigned by both parties, which need not be listed here, in view of the disposition we are making of the appeals.

There is, of course, no question that there was a valid and binding contract between the parties. But there is the initial question whether the terms of payment were merely time stipulations as contended by plaintiffs or conditions precedent as contended by defendant.

If they were conditions precedent and if the rule of full and strict compliance were applied plaintiffs could not recover under the contract,[2] because admittedly they did not complete the contract by supervising the actual work. But the trial judge held in effect that the breach was that of defendant and that she had rendered full performance by plaintiffs impossible when, after asking for new plans involving a higher cost, she contracted for the work independently and took the matter out of plaintiffs' hands. There is support in the evidence for that holding. But even in that view it would not necessarily follow that plaintiffs were entitled to ten per cent of the $14,887 construction bid. The original agreement contemplated two distinct performances by plaintiffs: (a) preparation of plans and obtaining bids, and (b) supervision of construction. Under the circumstances the contract might properly be considered severable[3] and the elements of compensation divisible. Thus, if recovery had been expressly allowed on the contract, it would not have been for the full amount claimed but only for the work actually performed. Therefore it was more reasonable,

and more practical too, to allow recovery on the quantum meruit count, basing the judgment on the reasonable value of the services actually performed.[4]

Opposing this view defendant argues (1) that she made no use of plaintiffs' plans and received no benefit from them, and (2) that if plaintiffs were entitled to any recovery it should not have exceeded $470 or ten per cent of the amount she actually paid for the final construction. As to the first contention, it is clear that defendant employed the plaintiffs, utilized their skill and time and at least at one stage of the transaction in effect approved their work. And on the evidence before him we cannot say that the trial judge was wrong in holding that if she derived no benefit from the plans it was due to her own breach or her change of mind. Certainly there is no evidence that plaintiffs were not at all times ready to complete their side of the contract or that there was an abandonment by them.[5]

As to the second contention it should be noted that defendant would have been in a different and stronger position if when the $11,207 bid was received she had insisted that she wanted a cheaper job. In such case plaintiffs would have been required to produce a cheaper plan or be regarded as having breached their agreement. But they were never put to that choice, because defendant asked not for a cheaper but for a costlier job, and then without giving plaintiffs any opportunity to perform took the project into her own hands and saw it through to completion. By this conduct she was precluded from setting up the later lower-priced contract as a ground for defeating plaintiffs' claim for compensation.

Nor do we think plaintiffs were limited as a matter of law to ten per cent of the actual cost of the final job. They

---

[2] Dermott v. Jones, 23 How. 220, 64 U.S. 220, 16 L.Ed. 442; Merritt & Chapman Derrick & Wrecking Co. v. Terry & Tench Co., 106 Misc. 247, 174 N.Y.S. 381; Smith v. Walter, Sup., 172 N.Y.S. 97; Davis v. New York Steam Co., 33 App.Div. 401, 54 N.Y.S. 78.

[3] Audubon Bldg. Co. v. F. M. Andrews & Co., 5 Cir., 187 F. 254.

[4] Carpenter v. Josey Oil Co., 8 Cir., 26 F.2d 442.

[5] Compare Cole v. DeBobula, D.C. Mun.App., 38 A.2d 630, where we disallowed compensation to an architect who had voluntarily abandoned his work without producing anything of value for his client.

were engaged to design a wall. This they did, and on the quantum meruit basis they were entitled to the reasonable value of their work. They did not design or plan the wall which was finally erected, nor were they given a chance to do so. Therefore the final construction cost bears no necessary relationship to the value of their work. The wall as finally constructed represented a complete departure from the plans the plaintiffs were employed to prepare. It was, as we have seen, half the length contemplated in the original plans and of an entirely different (and cheaper) construction. Under these circumstances the cost of construction does not control the amount recoverable on a quantum meruit,[6] especially when full performance was prevented by defendant herself.[7]

Here the trial judge had evidence before him which justified and supported the allowance of $750 to the plaintiffs. It does not appear that he applied an incorrect legal formula in making up his finding. Nor do we find any legal basis for saying that he was wrong in awarding that amount, instead of the larger amount for which plaintiffs contended or the smaller sum insisted upon by defendant.

Affirmed.

---

[6] Klemmt v. Yeskel, 102 N.J.L. 418, 131 A. 871; Bissell v. McCormack, 162 Wash. 482, 298 P. 697; Southwestern Arizona Fruit & Irrigation Co. v. Cameron, 16 Ariz. 87, 141 P. 572.

[7] Heitz v. Sayers, 2 W.W.Harr. 207, 32 Del. 207, 121 A. 225; Chamberlin v. Scott, 33 Vt. 80.