367 So.2d 1070 (1979)
Ronald VORNDRAN, Appellant,
v.
Carson Bennett WRIGHT, Appellee.
No. 77-2044.
District Court of Appeal of Florida, Third District.
February 13, 1979.
Rehearing Denied March 16, 1979.
Podhurst, Orseck & Parks and Michael Olin, Miami, for appellant.
Knight, Peters, Pickle, Niemoeller & Flynn and William Flynn, Jeanne Heyward, Miami, for appellee.
Before PEARSON, BARKDULL and KEHOE, JJ.
PER CURIAM.
We hold that a summary judgment was properly entered for an architect in an action brought by an employee of a subcontractor, who was injured on a construction job. The contract between the parties, in reference to the responsibility of the architect, reads in part as follows:
* * * * * *
"Section 2.
"The Architect agrees to provide all architectural, engineering, consulting and decorating services as hereinafter described, except such field engineering services as may be employed and paid for by the Contractor. Architect shall provide all landscape design and services of a landscape architect in connection therewith. Architect's services shall include all services already performed for owner in connection with said building and this agreement shall supersede and void all prior agreements by and between the parties hereto for architectural services in connection with said building.

*1071 "Section 3.
"Architect's services shall include all plans, the preparation of preliminary studies, working drawings, specifications, large scale and full size scale drawings that may be required, supervision of the work and inspection during the guaranty period. * * *
* * * * * *
"Section 8.
"Architect will advise Owner in writing of any omissions, substitutions, defects and deficiencies noted in the work of Contractor but does not guaranty the performance of the Contractor or any Sub-contractors. Supervision of Architect is to be distinguished from the continuous personal supervision to be obtained by a resident inspector. Architect or his agents shall visit the project once a week or oftener when the nature and progress of the work and the interests of the Owner require. During the guaranty period, Architect shall inspect the project for evidence of faulty material and workmanship. The project in general shall be inspected on or about the ninth month after completion and in addition, Architect shall make such other inspections and perform services as may be necessary and incidental to the requirement of the drawings and specifications."
* * * * * *
[emphasis added]
This did not impose a duty on the architect to supervise the day-to-day work or to determine whether or not safety regulations were complied with. It was the prime responsibility of the architect to determine that the construction was completed in accordance with the plans and specifications. Garden City Floral Co. Inc. v. Hunt, 126 Mont. 537, 255 P.2d 352 (1953); Day v. National U.S. Radiator Corporation, 241 La. 288, 128 So.2d 660 (1961); Clinton v. Boem, 139 App.Div. 73, 124 N.Y.S. 789 (1910); Cf. Miller v. DeWitt, 37 Ill. 273, 226 N.E.2d 360 (1967). It is generally the prime responsibility of the employer to comply with the safety regulations. Section 440.56, Florida Statutes (1971). The architect, therefore, would not normally be liable for the failure of the employer to comply with safety regulations, unless his contract of employment for supervision imposes upon him a duty and responsibility to supervise and/or control the actual method of construction utilized by the contractor. Greer v. Bennett, 237 So.2d 311 (Fla. 4th DCA 1970); Conklin v. Cohen, 287 So.2d 56 (Fla. 1973). In such a case his liability would be predicated on the negligent performance of his contractual duties. However, in the instant case, the architect's contract of employment for supervision only obligates the architect to visit the construction site periodically to verify that the construction is in accordance with drawings and specifications. He has no control over the method of construction utilized and there is no showing that he attempted to do so. Based on these undisputed facts, the architect cannot be held liable for any failure of the contractor to comply with required safety regulations. Day v. National U.S. Radiator Corporation, supra; Clinton v. Boem, supra.
Therefore, the summary final judgment appealed herein is affirmed.
Affirmed.