469 So.2d 232 (1985)
William SWARTZ, Appellant,
v.
FORD, BACON & DAVIS CONSTRUCTION CORPORATION, a Foreign Corporation, Appellee.
No. BA-317.
District Court of Appeal of Florida, First District.
May 29, 1985.
Daniel Scarritt of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes and Mitchell, P.A., Pensacola, for appellant.
Donald H. Partington of Clark, Partington, Hart, Hart & Johnson, Pensacola, for appellee.
MILLS, Judge.
Swartz appeals from the entry of final summary judgment on behalf of Ford, Bacon and Davis Construction Corporation (Ford). We affirm.
In 1979, Ford, an architectural and engineering firm, entered into a contract with St. Regis Paper Company to provide engineering services for the installation of a paper machine. Swartz, an employee of B.E. & K. Construction, who was performing the project construction for St. Regis, was injured in a high fall from a steel structure. Temporary flooring and safety nets, although required, were not in use.
Swartz based his suit against Ford on its contract with St. Regis, specifically Article X thereof, which provided that all of Ford's services were to "comply with, satisfy, and *233 be subject to all applicable codes, ordinances, rules and regulations of any governmental authority having jurisdiction over the design and/or construction of the project... ." Swartz contends that this language is ambiguous, and creates a question as to whether Ford had a duty to supervise B.E. & K. Construction and to require that it provide the required safety devices. This ambiguity allegedly creates an issue of material fact as to the correct interpretation of the contract language precluding summary judgment. See Titan Atlantic Construction Company v. Quality Electric Service, Inc., 409 So.2d 1156, 1158 (Fla. 1st DCA 1982). We disagree.
Unless the contract herein imposes upon Ford a duty and responsibility to supervise and/or control the actual method of construction utilized by B.E. & K., it cannot be held liable for that contractor's failure to comply with required safety regulations. See Vorndran v. Wright, 367 So.2d 1070, 1071 (Fla. 3d DCA 1979). See also Skow v. Department of Transportation, 468 So.2d 422 (Fla. 1st DCA 1985) (no liability when contract does not impose explicit duty to monitor, inspect, and correct violations by the contractor).
Ford's contractual duties are clearly stated in Article II of the contract, and do not specify or imply a duty to supervise or control construction contractors' work. Further, Article X relied on by Swartz clearly requires only that Ford's services comply with applicable codes. There is no contractual ambiguity and summary judgment was proper.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.