## CALDERON *v.* O'DONAHUE.

*(Circuit Court, S. D. New York. July 28, 1891.)*

1. EVIDENCE—DECLARATIONS—RES GESTÆ.
   Where the issue presented is as to whether a lawyer took a contract in his own name for the benefit of his client, anything which he may have said about the transaction to others, which was no part of it, is not admissible as part of the *res gestæ*.
2. DOCUMENTS—RIGHT OF INSPECTION.
   The fact that counsel in cross-examination hands the witness documents for identification, does not give opposing counsel the right to see them. When the same are not offered in evidence, or the contents gone into, there is no ground for inspection.

At Law.
*Roger Foster*, for plaintiff.
*George Bliss*, for defendant.

WHEELER, J. On the trial the principal question was whether a lawyer, who executed a contract in writing in his own name for the purchase from the plaintiff of a concession for a bank in Nicaragua, was the agent of the defendant in that transaction, and was held out to be such agent by the defendant, and in fact purchased the concession for him. The plaintiff, after some proof of such agency, offered to show what the attorney said about the transaction, during the time of it, to others than

those with whom it was made, in the absence of the defendant. If the declarations had been made in the course of the transaction, carrying it on, they would have been admissible as a part of the *res gestæ;* but as they were only made about the transaction, and were not any part of it, they were mere hearsay, and do not appear to have been admissible at that stage of the case. 1 Greenl. Ev. §§ 113, 114; Best, Ev. (Wood's Ed.) § 531, note.

The defendant's counsel, in cross-examination of some of the plaintiff's witnesses, showed letters and documents which were marked for identification. The plaintiff's counsel claimed the right to see them, which was denied. If the defendant's counsel had offered them in evidence, or gone into their contents further than to have them identified, the plaintiff's counsel would have been entitled to see them for the purposes of objection and re-examination of the witnesses; but the mere identification of them by the witnesses, which required some description, does not appear to have given that right. The plaintiff has moved for a new trial because of the exclusion of this evidence, and of this denial of examination. Neither of these grounds appears to be sufficient for granting the motion. Motion for new trial denied. Stay continued to first day of next term for filing exceptions.