## CAPITAL TRACTION COMPANY *v.* HOOVER.

---

STREET RAILWAYS; NEGLIGENCE; VARIANCE; INSTRUCTIONS TO JURY; DIRECTION OF VERDICT; PREJUDICIAL ERROR; EXAMINATION OF WITNESSES.

1. Where the declaration in an action against a street railway company to

Note.—As to duty of street car conductor to see that passenger is off before starting car, see note in 11 L.R.A. (N.S.) 140.

As to negligence in starting street car with jerk while passenger is alighting, see notes in 23 L.R.A. (N.S.) 891, and 34 L.R.A. (N.S.) 225.

recover damages sustained by the plaintiff while a passenger charges that the company's car had been stopped in order to permit the plaintiff and his family, including his daughter, to alight, and that while the plaintiff was on the platform assisting his daughter to alight, the car was accidentally started throwing the plaintiff to the ground and injuring him, it is not error for the trial court to instruct the jury that if the plaintiff had alighted from the car and then boarded it again while it was still at rest to assist his daughter to alight, and while the plaintiff was in the act of returning to the car for that purpose and before he could again alight from it with his daughter, and while he and his daughter were attempting to do so, the car was started and the plaintiff thrown to the ground and injured, he is entitled to recover; nor is it error in such a case for. the court to refuse to direct a verdict for the defendant where the evidence supports the plaintiff's declaration, or to refuse to instruct the jury at the defendant's request that the plaintiff cannot recover unless he had actually taken his daughter in his arms before the car was started.

2. While prejudicial error cannot be predicated upon refusal of the trial court to permit counsel for the defendant to see and inspect a paper shown a witness for the plaintiff and read by him while on the witness stand at the close of the redirect examination of the witness but not offered in evidence, where the brief recross-examination of the witness was of such a nature as not to be affected thereby,— the correct practice is to permit opposing counsel to see any paper shown to and read by any witness while upon the stand, although this is not required where the paper is merely identified by the witness, and not read by him.

No. 2896.   Submitted February 25, 1916.   Decided May 22, 1916.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for alleged personal injuries.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellant, Capital Traction Company, defendant below, was sued in the supreme court of the District of Columbia in an action in tort brought by Theophilus H. Hoover, appellee, to recover damages for personal injuries alleged to have been

sustained while he was a passenger of the appellant, a common carrier. The declaration was filed October 22, 1909, consisting of two counts. An amended declaration was filed December 1, 1911, adding two further counts, which were later amended January 5, 1914. General issue pleas were filed to each count, issue joined thereon, and a trial had, resulting in a verdict in favor of the plaintiff for $6,000, upon which judgment was entered, and from which judgment the present appeal is prosecuted.

The learned justice before whom the case was tried correctly stated, in his charge to the jury, the nature of the complaint set forth in the declaration, which was in substance, as follows: On February 13, 1909, the plaintiff, his wife, son, and daughter were passengers for hire on a car of the defendant in Washington, District of Columbia, and, while said car was going easterly on Pennsylvania avenue, it was stopped at a point about midway between Tenth and Ninth streets N. W. to allow passengers thereon so desiring, including the plaintiff and his party, to alight therefrom, and that, while plaintiff, his wife, son, and daughter were in the act of so doing, or endeavoring so to do, and while plaintiff was upon the platform assisting his daughter to alight, said car was negligently and carelessly started, throwing the plaintiff violently from said car to and upon the ground, and severely injuring him, as set forth in the declaration.

1. The question of negligence was submitted to the jury under the following instruction, the giving of which was objected to by the defendant and is the subject of the second assignment of error: "If you find from the testimony that the plaintiff, his wife and his infant son and his infant daughter, were, together as one party of which the plaintiff was the head, received by the defendant as passengers on one of its cars; that the defendant stopped the car in order to enable the said party to alight therefrom; that the plaintiff and his wife thereupon safely alighted from the car, and the plaintiff's son was in the act of alighting therefrom when the plaintiff discovered that his daughter had not reached the platform of the car in time to

alight therefrom with him; that the plaintiff thereupon again boarded the car, while it was still at rest, in order to assist his daughter in alighting therefrom; that the servants of the defendant in charge of the car either knew, or, in the exercise of reasonable care, would have known, the situation as thus assumed, and that the plaintiff was in the act of returning to the car for the purpose of seeing that his daughter should safely alight therefrom; and that nevertheless before he could again alight from the car with his daughter, and while he, with his daughter, and while exercising due care in that behalf, was in the act of endeavoring so to alight, the car was started by the defendant's servants or one of them, in charge thereof, and that by such starting thereof the plaintiff was thrown therefrom to the street and injured, the plaintiff is entitled to recover in this action."

Appellant's third and fourth assignments of error also relate to the same general subject-matter as the second assignment; the third assignment relating to a peremptory instruction requested by appellant, and the fourth assignment relating to a requested instruction by appellant that there could be no recovery by plaintiff unless he had actually taken his daughter *"in his arms"* before the car was started, a limitation not contained in the third and fourth counts of the declaration, which were the counts upon which the case was submitted to the jury.

*Mr. G. Thomas Dunlop* for the appellant, in his brief cited:

*Anderson* v. *Boston Elev. R. Co.* — Mass. —, 107 N. E. 376; *Arnold* v. *Cheseborough,* 30 Fed. 145; *Arrick* v. *Fry,* 8 App. D. C. 125, 24 W. L. R. 146; *B. & O. R. Co.* v. *Miller,* 37 App. D. C. 218, 39 W. L. R. 355; *Bond* v. *Chicago, B. & Q. R. Co.* 110 Mo. App. 131, 84 S. W. 124; *Boston Elev. R. Co.* v. *Smith* (C. C. A.) 23 L.R.A.(N.S.) 891; *Boston & M. R. Co.* v. *Miller,* 203 Fed. 968; *Bruce* v. *Sims,* 34 Mo. 251; *Central of Georgia R. Co.* v. *McNab,* 43 So. 222; *C. & O. R. Co.* v. *Paris,* 68 S. E. 398; *Chicago City R. Co.* v. *Gates,* 135 Ill. App.

180; *Chicago, I. & P. R. Co.* v. *Claunts,* 138 S. W. 332; *Connor* v. *Washington R. & E. Co.* 43 App. D. C. 329; *Crawford* v. *United States,* 212 U. S. 183, 37 W. L. R. 546; *Edelman* v. *Interurban Street R. Co.* 95 N. Y. S. 527; *Farley* v. *N. & W. R. Co.* 67 S. E. 1116; *Flynn* v. *Consolidated Trac. Co.* 67 N. J. L. 546, 52 Atl. 369; *Georgia, C. & N. R. Co.* v. *Hutchins,* 121 Ga. 317, 48 S. E. 939; *Goldstein* v. *Met. St. R. Co.* 98 N. Y. S. 278; *Gosnell* v. *Central of Georgia R. Co.* 86 S. E. 90; *Haralson* v. *San Antonio Trac. Co.* 115 S. W. 876; *Howard* v. *Forty-second St., etc., R. Co.* 110 N. Y. S. 125; *Jacquette* v. *Capital Traction Co.* 34 App. D. C. 41, 37 W. L. R. 750; *Johnson* v. *St. Joseph R. Co.* 143 Mo. App. 376, 128 S. W. 243; *Katz* v. *Nassau Elec. R. Co.* 154 N. Y. S. 2; *Kennedy* v. *Met. St. R. Co.* 107 S. W. 16; *Knuckey* v. *Butte Elec. R. Co.* 109 Pac. 979; *Kopacka* v. *New York, N. H. R. Co.* 11 Conn. 82, 90 Atl. 27; *L. & N. R. Co.* v. *Wilson,* 30 Ky. L. Rep. 1055, 8 L.R.A.(N.S.) 1020, 100 S. W. 290; *LaPointe* v. *Boston & M. R. Co.* 179 Mass. 535, 61 N. E. 142; *Meyerowitz* v. *Interurban Street R. Co.* 84 N. Y. S. 233; *Morrow* v. *A. & C. Airline R. Co.* 134 N. C. 92, 46 S. E. 12; *Paulson* v. *Brooklyn City R. Co.* 34 N. Y. S. 244; *Reiss* v. *Joline,* 125 N. Y. S. 765; *San Antonio & A. P. R. Co.* v. *Choate,* 35 S. W. 580; *Saxton* v. *Missouri P. R. Co.* 98 Mo. App. 494, 72 S. W. 717; *Schmeltzer* v. *St. Paul City R. Co.* 80 Minn. 50, 82 N. W. 1092; *Schulz* v. *Second Ave. R. Co.* 42 N. Y. S. 710; *Scroggins* v. *Met. St. R. Co.* 120 S. W. 731; *Simmons* v. *S. A. L. R. Co.* 120 Ga. 225, 47 S. E. 570; *Snyder* v. *Michigan Trac. Co.* 154 Mich. 418, 117 N. W. 889; *So. Covington* v. *Gies,* 123 S. W. 306; *So. Covington C. St. R. Co.* v. *Trowbridge,* — Ky. —, 173 S. W. 371; *So. Ry.* v. *Hundley,* 44 So. 195; *Standard Oil Co.* v. *Brown,* 31 App. D. C. 371, 36 W. L. R. 326; *Stewart* v. *R. Co.* 146 Mass. 605, 16 N. E. 466; *Tupper* v. *Boston Elev. R. Co.* 204 Mass. 151, 90 N. E. 422; *Waldheier* v. *R. Co.* 71 Mo. 518; *Washington R. & E. Co.* v. *Kramer,* 43 W. L. R. 774; *Weight* v. *Sioux Falls Trac. System,* 143 N. W. 696; *Wick* v. *St. Paul City R. Co.* 104 Minn. 428, 116 N. W. 929.

*Mr. Henry E. Davis, Mr. George L. Whitford,* and *Mr. J. Dawson Williams* for the appellee, in their brief cited:

*Ætna Ins. Co.* v. *Boon,* 95 U. S. 117; *Arnold* v. *Cheseborough,* 30 Fed. 145; *C. & O. R. Co.* v. *King,* 40 C. C. A. 432; *Calderon* v. *O'Donahue,* 47 Fed. 39; *Chic. etc., R. Co.* v. *Wood,* 104 Fed. 663; *Chic. U. T. Co.* v. *Rosenthal,* 118 Ill. App. 278; *Denver Co.* v. *Hills,* 50 Colo. 328; *Fillingham* v. *St. Louis etc., Co.* 102 Mo. App. 573; *Houser* v. *State,* 93 Ind. 228; *Milwaukee & St. P. R. Co.* v. *Kellogg,* 94 U. S. 469; *O'Loughlin* v. *Bay St. R. Co.* 108 N. E. 905; *Saxton* v. *Missouri P. R. Co.* 98 Mo. App. 494; *Stiles* v. *Allen,* 13 Allen, 320; *Vine* v. *Berkshire St. R. Co.* 212 Mass. 580.

Mr. Justice ANDERSON of the Supreme Court of the District of Columbia, who sat with the Court in the hearing and determination of this appeal in the place of Mr. Justice VAN ORSDEL, delivered the opinion of the Court:

Without reviewing the evidence in detail in this opinion, it is sufficient to say that the request for a peremptory instruction, either upon the claim of variance between the pleadings and proof, or upon the claim of insufficient evidence to be submitted to the jury, is wholly without support, and that the instruction granted by the learned justice below and constituting the subject of appellant's second assignment was clearly proper, as was also his refusal to grant the instruction involved in the fourth assignment.

2. The only other question involved in the appeal is that raised by the first assignment of error, relating to the refusal of the learned trial justice to permit counsel for appellant to see and inspect a paper (exhibit Jackson 2), which was shown by counsel for appellee to the witness Jackson, while upon the witness stand and in the presence of the jury, and identified *and also read* by the witness, but which was not offered in evidence. The record shows that this occurred at the close of the redirect

examination of the witness (rec. 17–8), and therefore could not have had the effect of refreshing the witness's recollection or otherwise prejudicing appellant in the direct, cross, or redirect examination of the witness. Moreover, the brief recross-examination of the witness by appellant was of a nature which could not have been affected thereby. While, therefore, no prejudicial error can be predicated in this case upon the failure to permit appellant's counsel to inspect the paper in question, the correct and safer practice is to permit opposing counsel to see any paper shown to, *and read by,* a witness while upon the stand, though such is not required where the paper is merely *identified,* and *not read,* by the witness. *Arnold* v. *Chesebrough,* 30 Fed. 145, *Calderon* v. *O'Donahue,* 47 Fed. 39. A door for great abuse would be opened if papers could be shown to, *and read by,* a witness, and the opposite party kept in ignorance of their contents.

The judgment below is affirmed, with costs.