Nick TZANIS, Appellant,

v.

Manuel N. PAPAKOSTAS, Appellee.

No. 2203.

Municipal Court of Appeals for the District of Columbia.

Argued June 16, 1958.

Decided Oct. 2, 1958.

894

James P. Burns, Washington, D. C., for appellant.

Louis N. Nichols, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant brought suit for breach of contract. At the conclusion of his case the trial judge, sitting without a jury, granted appellee's motion to dismiss.

The written agreement in question read as follows:

"This agreement made this 21st day of May, 1957, by and between [appellee], party of the first part, and [appellant], party of the second part, of the District of Columbia.

"Whereas, the party of the first part *is contemplating* the purchase of the A–1 Restaurant at 1800 7th Street, N. W., Washington, D. C. from the party of the second part.

"Now Therefore, in consideration of said transaction the party of the first part places in the hands of James P. Burns a Treasurer of the United States check, dated May 21, 1957, payable to the party of the first part, in the amount of $1,100.00, to be held in escrow by the said James P. Burns *until the 3rd day of June, 1957, at which time the parties hereto agree to enter into a contract of sale of said A–1 Restaurant.*

"It is further agreed between the parties that this sale shall be contingent upon the following:

"1. That the party of the first part obtain a lease of premises 1800 7th Street, N. W., for a period of 4 years from June 3, 1957, at a rental not to exceed $150.00 a month.

"2. That the premises shall pass the inspection of the Health Department of The District of Columbia.

"3. The purchase price shall be $4,000.00, of which amount the party of the first part shall pay in cash on the 3rd day of June, 1957, the sum of $1,650.00, and assume a $350.00 note payable to Nick Margolis, the balance of the purchase price, in the amount of $2,000.00 shall be paid at the rate of $100.00 a month until paid in full at

6 per cent interest on the balance remaining unpaid." (Emphasis supplied.)

Appellant testified that he met appellee at the restaurant on June 3, and that "they operated the business thru the day of the 3rd. On the 4th day of June [appellee] stated that he was not going to buy the business." Appellant further testified that he entered into an agreement with appellee on May 21, 1957, to sell the restaurant, the "final papers of sale to be entered into on the 3rd day of June, 1957." There was also evidence that the restaurant had not been approved by the health authorities as of June 3.

The question we must decide is whether this was a contract of purchase or an agreement to meet on June 3 to enter into a contract provided certain conditions precedent were complied with. We think a careful reading of the document leaves no doubt that it was merely an agreement to meet at a later date to enter into a contract, contingent on meeting certain conditions. As stated, one of these conditions was that the "premises shall pass the inspection of the Health Department of The District of Columbia." There was evidence that as of June 3 certain repairs required by the Health Department had not been made. The refusal of the health authorities to approve the restaurant gave appellee the right to refuse to buy.[1]

There is considerable comment in the record relating to the custody of the $1,100 check after the case was decided, and the check was eventually deposited in the Registry of the Court pending the outcome of this appeal. It would serve no useful purpose to go into the various orders issued and actions taken by the court, except to say that both counsel and the court could have handled this matter in a more orderly manner when appellant

gave notice that the case would be appealed. The trial judge could have then and there ordered the check deposited in the Registry of the Court and thereby have avoided the complications that thereafter arose.

Affirmed.

---

1. Cf. Brier v Orenberg, D.C.Mun.App., 1952, 90 A.2d 832, 833.