Theodore LEBA, Jr., Appellant,

v.

David A. SILLS, Appellee.

No. 2842.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 6, 1961.

Decided Nov. 29, 1961.

John T. Reges, Washington, D. C., for appellant. Samuel Klein, Washington, D.

C., also entered an appearance for appellant.

Mark P. Friedlander, Washington, D. C., with whom Mark P. Friedlander, Jr., and Blaine P. Friedlander, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

Leba sued for a balance allegedly due for services as a structural engineer in connection with the proposed erection of an apartment building. Sills, the property owner, defended on the grounds that plans for the building were disapproved by the Fine Arts Commission, that consequently the building was never erected, and that he had paid Leba in full under the agreement between them. The trial court sustained the defense, and the case is here on plaintiff's appeal.

The agreement was in the form of a letter prepared by Leba and accepted by Sills. It provided that Leba's work was to consist of four enumerated steps in the preparation of structural design plans and specifications, processing drawings through District of Columbia building permit department, checking structural shop drawings, and general field inspections. The agreement contained the following provisions as to Leba's compensation:

"The fee agreed between us based on the above scope of work is for the amount of $2,000.00. Payment of forty (40) percent of this fee will be due at the time the drawings are ready to be submitted to the District for permit and the specifications are completed; *an additional forty (40) percent when approval is obtained and the final twenty (20) percent when the structure is substantially completed.*" (Emphasis supplied.)

It was admitted that Sills had paid the first 40%, or $800. The question was whether under the language just quoted he was required to pay the next 40% despite the disapproval of the architect's plans, and the remaining 20% despite the fact that the structure was never completed, or even started. Plaintiff admitted he understood that because the proposed building faced Government property, it could not be erected without approval of the Fine Arts Commission. He said his work had been 95% completed. Defendant, called as a witness by plaintiff, testified that his architect's plans were not approved by the Fine Arts Commission or by the District of Columbia and hence he could not erect the building, although the financing arrangements had been fully completed.

■ The trial court ruled that under the contract plaintiff was not entitled to recover more than the first 40% already paid to him. We agree with that ruling. We think appellee is correct in saying that the contract was divisible in nature. It recited the work which plaintiff was to do, and in plain words (authored by plaintiff himself) specified that the second 40% of his fee was to be paid "when approval is obtained" and the final 20% when the structure is completed. Neither of these events ever happened.

There was no proof at all that disapproval of the plans was due to any fault or mishandling by defendant or his architect. The only evidence was that plans were submitted and disapproved, with the result that the building could not be erected. It was proper to hold that defendant never became liable under the contract for the second two installments of plaintiff's fee. Our decision in Pinkham v. Salyer, D.C. Mun.App., 115 A.2d 519, cited by appellant, has no application here. There we held that a builder was not required to make an advance investigation of hidden subterranean conditions to determine suitability of soil for a septic tank, and also that there was a valid and independent new promise by the owner to pay the builder for his work. Neither of such conditions exists in the case before us.

■ We are asked to rule that the trial court committed error in refusing, at the end of the case, to permit an amendment claiming on a quantum meruit. Aside from the fact that such requests are always in the field of discretion, it has consistently been held that a plaintiff cannot claim or recover on a quantum meruit theory when the rights of the parties and the basis of compensation are covered by special contract. Hubbard v. New York, New England & Western Investment Co., 119 U.S. 696, 7 S.Ct. 353, 30 L.Ed. 548; Hawkins v. United States, 96 U.S. 689, 24 L.Ed. 607; Thomas McDonald & Co. v. Elliott, 92 Ga.App. 409, 88 S.E.2d 440; Harding v. Montgomery Ward Co., 58 N.E.2d 75 (Ohio App.).

Affirmed.