**Frederic L. PATERSON, Appellant,**

v.

**Mildred E. REEVES, Appellee.**

**No. 16727.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 13, 1962.

Decided June 21, 1962.

Petition for Rehearing En Banc
Denied July 23, 1962.

Mr. Thomas G. Laughlin, Washington, D. C., for appellant. Mr. Frederic L. Paterson was on the brief for appellant.

Mr. Louis Rabil, Washington, D. C., with whom Mr. Douglas A. Clark, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

In September, 1957, Mildred E. Reeves sued Frederic L. Paterson on two promissory notes. Paterson answered, asserting several defenses and by way of counter-claim asked that he be adjudged entitled to one-half interest in certain lands in Virginia, the title to which stood in the name of the plaintiff. When the case came on for trial early in December, 1959, a settlement was reached after lengthy negotiations and an agreement embodying it was signed by the parties and witnessed by their counsel.

On September 16, 1960, Paterson filed a written motion to vacate and set aside the settlement contract "on the ground of mistake of fact; this defendant believing that it contained a house, barns and 10 acres, whereas, in fact, it did not." He said he signed the contract without reading it, because he did not have his reading glasses, and also was upset because he had been in an accident the night before and because foreclosure proceedings had been instituted on his homestead. He did not allege fraud, duress or deceit on the part of Mildred Reeves.

At the hearing on the motion, several witnesses testified. Paterson's then counsel said the contract reflected the terms of settlement to which Paterson had agreed, and that when he signed it he knew what it contained. The other witnesses, except Paterson, substantially agreed. Paterson not only signed the contract, but also initialed a correction therein.

One who signs a contract which he had an opportunity to read and understand is bound by its provisions. Allied Steel and Conveyors, Inc. v. Ford Motor Company, 277 F.2d 907, 913 (6th Cir. 1960). The absence of glasses necessary for reading is not an excuse for signing a contract without knowing what it contains; the signer could have it read to him or could refuse to sign until he had obtained his glasses. Cf. Rasmus v. A. O. Smith Corp., 158 F.Supp. 70, 85 (D.C.N.D.Iowa 1958)

Paterson also claims he rescinded before Reeves signed. We agree with the trial judge that "The evidence that defendant offers on these points is totally inadequate * * *."

The denial of the motion to vacate and set aside the settlement contract was based on findings justified by the evidence and was, we think, correct.

Affirmed.