**HOLLYWOOD CREDIT CLOTHING CO.,**
Inc., a corporation, Appellant,

v.

Eugene C. GIBSON, Appellee.

No. 3129.

District of Columbia Court of Appeals.

Argued Jan. 7, 1963.

Decided March 1, 1963.

3. Sullivan v. North American Accident·Insurance Co., D.C.Mun.App., 150 A.2d 467, 470; Dawson v. Norris, D.C.Mun.App., 108 A.2d 538, 539.

---◇---

Norman Baum, Washington, D. C., with whom David Edwin Hammer was on the brief, for appellant.

Pierre E. Dostert, Washington, D. C., with whom Samuel C. Borzilleri, Washington. D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This appeal is from a judgment denying appellant recovery of the purchase price of a television set. The testimony of appellee, largely uncontradicted and evidently accepted by the trial court, was that two days before Christmas he went to appellant's store and looked at a television, that appellant's salesman told him the price was $189 and he agreed to buy it at that price; that a conditional sales contract was filled in and he signed it; that when he arrived at home with the set he looked at his account book (apparently he was not given a copy of the conditional bill of sale) and saw that the stated price was $289, instead of $189, which with carrying charges made a total cost to him of $354.35. As soon as the store reopened after the Christmas holidays appellee returned the set to the store, explaining that the cost was more than he agreed to pay. When the store personnel refused to take back the set, appellee left it there. He paid nothing on account and appellant brought this action for the full amount of $354.35. Trial resulted in a finding for ap-

pellee. In denying appellant's post-trial motion for judgment or a new trial, the trial court stated there had been a mutual mistake of fact as to the correct price of the set.

Appellant argues that appellee signed the contract and is bound thereby even if he failed to read it before signing it. Appellant urges us to rule that in this jurisdiction "a contract is still a contract." It is, of course, the general rule that one who signs a contract has a duty to read it and is obligated according to its terms.[1] It is also a general rule that no relief can be afforded for a bad bargain or an extravagant purchase improvidently made.[2] But another rule requires mutual assent or agreement as an essential element of a contract; and a contract in form may be avoided by a showing that assent was obtained by fraud[3] or even misrepresentation falling short of fraud.[4] If it is shown that the minds of the parties did not meet "honestly and fairly, without mistake or mutual misunderstanding, upon all the essential points involved," there is no contract. Cunningham Mfg. Co. v. Rotograph Co., 30 App.D.C. 524, 527, 15 L.R.A.,N.S., 368.

The trial court by its finding indicated that it believed that appellee had been told that the price was $189, that this representation was a material factor in inducing him to sign the contract, and that he signed the contract believing the price to be $189. This was a sufficient basis for denying recovery to appellant.

Appellant asserts there was no error in the admission in evidence of a letter from the manufacturer of the television, stating that its suggested retail price was either $159.95 or $169.95. Possibly admission of this letter was error, but if so, it was harmless error. The letter merely showed that the price of $189, given appellee by the

1. 17 C.J.S. Contracts, § 137.

2. Universal Jewelry Co. v. McIver, D.C.Mun. App., 68 A.2d 226.

3. Bob Wilson, Inc. v. Swann, D.C.Mun. App., 168 A.2d 198.

4. Battelle v. Cushing, 21 D.C. 59.

salesman, was not so absurdly low that appellee could not in good faith rely on it. And we note that appellant did not produce its salesman as a witness.

Affirmed.