**Richard J. McNULTY, M.D., Appellant,**

v.

**MEDICAL SERVICE OF the DISTRICT OF COLUMBIA, INC., a corporation, Appellee.**

No. 3148.

District of Columbia Court of Appeals.

Argued Feb. 25, 1963.

Decided March 21, 1963.

126

David L. Riordan, Washington, D. C., for appellant.

Warren E. Magee, Washington, D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

MYERS, Associate Judge.

This is a second appeal involving the same parties. The first appeal[1] came before us solely for determining whether the agreement between the parties was a simple contract barred by the 3-year statute of limitations or was in fact an instrument under seal not barred for 12 years.[2] We

---

[1]. McNulty v. Medical Service of District of Columbia, D.C.Mun.App., 176 A.2d 783.

[2]. D.C.Code 1961, § 12–201.

held the contract was under seal and therefore the cause of action was not barred by the three-year limitation.

■ Preliminarily we must consider whether there was a waiver of the other defenses by first submitting only the question of statutory limitation of the cause of action to the trial court. We think not. The record clearly indicates that neither party intended to waive the merits of the controversy between them by agreeing to have the trial court first decide whether appellant's claim was barred by the 3-year limitation for filing suit. Upon appeal, appellant's right to proceed with proof of his claim was upheld and the case returned for that purpose to the trial court. From a decision upon the merits by the court in favor of appellee, the present appeal was taken by appellant.

Appellant's claim was for the value of his services performed. It was agreed that the amount to which appellant would be entitled under the contract, if recovery was in order, was $2,850.

The pertinent sections of the contract between the parties are as follows:

"1. In consideration of the benefits accruing to him under the plan, the Participating Physician agrees to furnish professional services as an independent contractor to participants in Medical Service *according to the terms and conditions of the Subscriber's Certificate* as therein outlined, a copy of which is hereto attached and made a part of this agreement.

\* \* \* \* \* \*

"3. It is expressly provided that payment to Participating Physicians for services rendered shall be made in accordance with the terms of the Subscriber's Certificate \* \* \*.

"4. The Participating Physician, *immediately following the discharge of*

*a participant,* shall render to Medical Service, on forms furnished by Medical Service, *a statement of services and his usual charges for the services performed* \* \* \*. *Financial settlement between the Participating Physician and Medical Service shall be made at least quarterly and may be made monthly* \* \* \*."

The Subscriber's Certificate provides:

"15. The Corporation shall have no liability hereunder *unless written claim shall be submitted* to the Corporation *within six months from the date service was received* by the Participant." [Emphasis supplied.]

The primary defense by Medical Service was that appellant failed to comply with the time provisions of the contract respecting the filing of statements and of claims for fees thereunder. The time limitations imposed upon participating physicians required (1) that a statement of services rendered and the usual charges therefor be given to Medical Service "immediately" following discharge of a patient; (2) that written claim for payment be submitted "within six months" from the date of rendered services; and (3) that financial settlement between the participating physician and the corporation be made at least quarterly.

■ In accordance with the weight of authority, "immediately" has been defined as "within a reasonable time" or "without unnecessary or unreasonable delay" under all the circumstances.[3] It is conceded that appellant did not render to Medical Service a statement of services and of his usual charges until more than three years following the discharge of subscribing patients. This could hardly be described as "immediately" or "within a reasonable time," and the trial court properly so held. Neither did appellant comply with the requirement that a written claim for pro-

3. Clay v. Aetna Life Ins. Co., D.Minn., 53    F.2d 689, 691.

fessional fees be submitted "within six months" after the charges were incurred.

Appellant denied he had knowledge or notice of this time limitation until he received a letter rejecting his claim as untimely filed just prior to this suit. The general rule in this jurisdiction is that one who signs a contract has the duty to read it and is obligated according to its terms unless there be absence of mutual consent, or the contract was obtained by fraud or even misrepresentation, or the minds of the parties did not honestly and fairly meet upon material points.[4] Absent any charge or proof of fraud or misrepresentation or ambiguity in the time provisions, appellant is bound thereby.

Appellant contended he received a form letter about ten years ago from appellee requesting participating physicians to "hold off" making claims until its finances "got in better shape" but that he had discarded the letter and could not produce a copy or proof thereof. The trial court resolved this point against appellant in the light of positive denial by appellee that any such communication was ever sent to its participating physicians.

Appellant urges that his tardy requests for payment of services to subscribers under the plan should have been granted even as an exception to the time limitations under his contract with Medical Service, but he advances no valid reason why his case should have been so treated. It has been generally recognized in the law that time elements governing performance by parties are the essence of contracts and binding upon all parties.[5]

Time limitations of the type here involved are neither unusual nor unreasonable, but are necessary for the proper financial operation of the organization in order that sufficient reserves may be main-

tained to meet valid obligations under the medical service plan for subscribers. Appellant voluntarily entered into the contract. He had the opportunity to read and determine its terms as affecting his own responsible participation. He neither alleged nor proved any deliberate concealment of the time conditions, nor did he prove that any misrepresentation by appellee had prevented his complying with them. He is, therefore, bound by the terms of his contract with Medical Service.

Affirmed.

---

4. Hollywood Credit Clothing Co. v. Gibson, D.C.App.; 188 A.2d 348.

5. Brier v. Orenberg, D.C.Mun.App., 90 A. 2d 832, 833; Soldano v. Holmes, D.C. Mun.App., 60 A.2d 535; Restatement, Contracts, § 276(b).