John P. MURCHISON, Appellant,

v.

PEOPLES CONTRACTORS, LTD., Appellee.

No. 4356.

District of Columbia Court of Appeals.

Argued Nov. 18, 1968.

Decided March 10, 1969.

---

Walter E. Gillcrist, Washington, D. C., for appellant.

Jacob Gordon, Washington, D. C., for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

KELLY, Associate Judge.

Appellant Murchison contracted with appellee Peoples Contractors, Ltd. to correct certain deficiencies listed on his property by the Housing Division, Department of Licenses and Inspection, as well as certain other work. During the performance of the contract a dispute arose between the parties and appellee was eventually notified in writing that, because of the inconveniences it had caused the tenants on the property and because of the failure to complete the job within a reasonable time, the contract was "forfeited". Appellee, who had been paid a total of $3,400 on the $4,-800 contract price and extras, sued for the balance due on the contract, for the cost of additional work performed not called for in the contract, and for the value of tools left on the premises which appellee refused to let it retrieve. Appellant counterclaimed for the cost of completion of the contract, for lost rents, and for the payment of monies owed to subcontractors by appellee. The trial court entered judgment for appellee in the sum of $1,800 on all issues and claims between the parties.[1]

Appellant claims the court erred in failing to find that time was of the essence of the contract and that appellee had breached the contract by failing to complete the work within the allotted time. The contract was entered into on March 18, 1964 and had an "approximate" completion date

---

1. "Having considered all claims of both the deft. and the pltf., the judge makes a trial finding for the pltf. in the amount of $1,-800.00; this amount represents the final and total amount in settlement of all claims with respect to all matters brought forth in this case, including pltf's claim, deft's counter claim, costs interest to date and all other matters arising under this action."

of April 25, 1964, the date by which the deficiencies were originally required to be corrected. Work on the contract was not begun until sometime in April, and appellant secured an extension of time to May 25, 1964 in which to correct the deficiencies. It was by letter of June 8, 1964 that appellant terminated the contract with the work still incomplete.[2]

In support of his argument appellant cites cases holding the general rule to be that in actions at law time is deemed to be of the essence of a contract.[3] However, it is said that[4]

> Time is not ordinarily of the essence in a building and construction contract, but the time stipulated for performance of such a contract may be of its essence when it is apparent that the parties intended that the contract must be performed at or within the time named.

Appellant argues that while the first completion date specified in the contract was approximate, after an extension of time was obtained from the Housing Division a date certain had been set for completion of the work. His position is weakened, however, by the statement in his letter of June 8 that appellee had failed to complete the job within a reasonable time.[5] There is no testimony in the statement of proceedings and evidence to explain the delay but we note that appellee, at appellant's request, performed additional work not called for in the written contract. There was also testimony that correction of deficiencies was but one of the purposes of the contract. We think, therefore, that on this record a question of fact was presented for determination by the trial court and we hold the evidence was such that the court could have found not only that time was not of the essence of this contract but that appellant had breached the contract by preventing completion of the work by appellee.[6]

It is also claimed that the trial court erred in assessing damages. However, we cannot consider this claim of error in the absence of any explanation of record as to how the court arrived at its finding of $1,800 in favor of appellee. The statement of proceedings and evidence contains no such explanation. It is clear that the court considered the conflicting testimony and exhibits and resolved the disputed facts in appellee's favor. But there is of record only the notation that the amount of the judgment was in final disposition of all claims in the suit, including costs and interest. We are unwilling to base appellate review on appellant's undocumented statement as to the method by which the trial court arrived at its finding and proceed from there to determine whether the proper measure of damages was applied.[7] Appellant complains that the trial court should have made specific findings as to credibility and as to the manner of assess-

2. Appellant testified that the job was approximately 60% complete, but appellee's witness testified that only an estimated $250 to $350 worth of work remained to be done.

3. Fairchild Stratos Corp. v. Lear Siegler, Inc., 337 F.2d 785 (4th Cir. 1964) ; McNulty v. Medical Serv. of District of Columbia, Inc., D.C.App., 189 A.2d 125 (1963) ; Brier v. Orenberg, D.C.Mun. App., 90 A.2d 832 (1952) ; Soldano v. Holmes, D.C.Mun.App., 60 A.2d 535 (1948).

4. 17A C.J.S. Contracts § 504(2), p. 796.

5. The letter also stated that appellee had failed to complete the job "as per your contract."

6. We place no undue significance, as appellant would have us do, on the court's inquiry as to whether appellant had been arrested or charged with failing to perform within the time required by the District of Columbia Government.

7. It is the appellant's duty to bring an adequate record to this court for purposes of review. D. C. Transit System, Inc. v. Milton, D.C.App., 250 A.2d 549 (1969).

ing damages.[8]  We agree that this case is but one of many in which findings of fact and conclusions of law would have been of great assistance, and it is probable that had appellant requested such findings and conclusions the court would have obliged.  But we have held that GS Civil Rule 52(b) is permissive only, not mandatory.  Politz v. Brand, D.C.Mun.App., 98 A.2d 21 (1953).

Affirmed.

8. Appellant made no request of the court for such findings, without which, he says, appellate review is almost impossible.