William A. BURLESON, et
al., Appellants,

v.

UNITED TITLE AND ESCROW
COMPANY, INC., Appellee.

Florence M. STANSEL, et al.,
Appellants,

v.

COMMONWEALTH LAND TITLE
INSURANCE COMPANY,
Appellee.

Nos. 82–1317, 82–1318.

District of Columbia Court of Appeals.

Argued Oct. 6, 1983.
Decided Nov. 2, 1983.[1]

1. The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published by direction of the court.

Thomas Farquhar, Washington, D.C., for appellant Burleson.

David L. Hilton, Washington, D.C., for appellant Stansel.

Martin J. Kirsch, Washington, D.C., for appellee United Title and Escrow Company, Inc.

Leonard C. Collins, Washington, D.C., for appellee Commonwealth Land Title Insurance Company.

Before NEWMAN, Chief Judge, and NEBEKER and PRYOR, Associate Judges.

PER CURIAM:

Appellants in these consolidated appeals challenge the trial court's entry of summary judgment for appellees on all remaining counts of their cross-complaints[2] against two separate title companies. Appellant Burleson appeals only the trial court's rejection of his claim that United Title and Escrow Co., Inc. ("United") was engaged in the unauthorized practice of law.[3] Appellant Stansel similarly appeals the trial court's rejection of her claim that Commonwealth Land Title Insurance Company ("Commonwealth") was engaged in the unauthorized practice of law. However, Stansel also challenges the entry of summary judgment on her claim that Commonwealth negligently conducted a settlement in which she was involved. We affirm.

Two actions in the trial court were consolidated to determine the respective priorities and interests in real property located at 4 Sixth Street, N.E. It was in this context that appellants brought their ac-

tions against the title companies (which had been involved factually only through settlement of individual real estate transactions) for the unauthorized practice of law, and in appellant Stansel's case for a negligently conducted settlement. In order to avoid unnecessary confusion, we relate only the facts necessary to the disposition of these appeals.

A.

Appellant Stansel owned the subject property in fee simple. She subsequently entered into a joint venture with the "Jaffe Group," licensed home improvement contractors, to renovate the property for profit and sale.[4] Commonwealth was retained by principals of the Jaffe Group to handle settlement on a $20,000 loan from the Group to Stansel to satisfy her previously existing obligations in the property. One of the documents which Stansel signed at the settlement on the loan purported to convey a one-third interest in the property to Mr. Singer, one of the principals and signatories in the joint venture. Stansel claims that she had no knowledge of the document, and that transfer of the property interest was not part of the joint venture agreement.

■ On the merits,[5] we are completely unpersuaded by Stansel's claim that Commonwealth engaged in the unauthorized practice of law. All of the settlement documents were prepared by an attorney or were completed under his supervision. In

---

2. Appellees, the title companies, were not defendants in the original complaint but were made parties to the action through appellant's cross-claims against them. Appellants were defendants in the original complaint.

3. At oral argument, counsel for appellant Burleson urged this court's recognition of the unauthorized practice of law as an actionable tort. We find no case law supporting such a move and decline counsel's invitation.

4. The Jaffe Group was to receive a one-half interest in the property in return for financing the renovation.

5. We are compelled to note two other matters which could prevent appellant's recovery on her unauthorized practice of law claim. First, appellant failed to controvert any portion of appellees' summary judgment motion despite Super. Ct.Civ.R. 12–1(k). Second, though not raised by the appellee below or on appeal, appellant did not have the authority to prosecute a claim for the unauthorized practice of law. *See* D.C. App.R. 46 II.

fact, Commonwealth was engaged in its authorized business, and it did not overstep permissible bounds.

 Equally unpersuasive is Stansel's argument that Commonwealth negligently conducted the loan settlement. Commonwealth only followed the directions it was given in the preparation of documents for signature. Moreover, nothing in the record supports any allegation that Commonwealth attempted to deceive Stansel or prevent her from reading and/or reviewing the documents she signed. "One who signs a contract which he had an opportunity to read and understand is bound by its provisions." *Paterson v. Reeves*, 113 U.S. App.D.C. 74, 75, 304 F.2d 950, 951 (1962). *See Hollywood Credit Clothing Co. v. Gibson*, 188 A.2d 348, 349 (D.C.1963). The record does, however, reveal Stansel's extensive experience with real estate transactions, and that she had a contractual obligation to proceed to settlement. The claim was properly dismissed.

### B.

Appellant Burleson has not, throughout the tortured proceedings in the trial court and in this appeal, demonstrated any personal or other involvement with appellee United. Appellant's position as defendant in the original complaint arose from his $70,000 loan to Stansel, secured by her interest in the subject property, and ultimately his purchase of the property at a foreclosure sale from the holder of the first trust. Unable to complete the transaction for the property, Burleson sold his right to buy the property to Congressman Archer. Archer then sought out United to conduct settlement on his purchase of the property. Burleson has not been a party in any transaction with United.

 It is an elementary matter of jurisprudence that an individual must have standing in order to maintain an action. Basic to standing is the requirement that the individual be injured in fact by the conduct of the other party. *See, e.g., Lee v. District of Columbia Board of Appeals and Review*, 423 A.2d 210 (D.C.1980). We find no injury to Burleson flowing from United's conduct. Burleson is without standing to maintain his action against United for the unauthorized practice of law.[6]

*Affirmed.*

6. We emphasize that Burleson's attempt to find authority for his claim in *J.H. Marshall & Asso-* ciates v. Burleson, 313 A.2d 587 (D.C.1973), is misplaced.