**Robert E. LEE, Appellant,**

v.

**Lester FOOTE, Appellee.**

**No. 83–574.**

District of Columbia Court of Appeals.

Argued March 21, 1984.
Decided Aug. 29, 1984.

12. In Ellerbee's case, the trial court shall first satisfy itself that a summary return provision is     appropriate.

Kenneth Shepherd, Washington, D.C., for appellant.

Stephen O. Hessler, Washington, D.C., for appellee.

Before NEBEKER and ROGERS, Associate Judges, and REILLY, Chief Judge, Retired.

PER CURIAM.

Appellant appeals the trial court's denial of compensatory damages upon its finding that appellee breached an oral contract for the exchange of services. The trial court awarded appellant only nominal damages of one dollar, ruling that, as a matter of law, he could not recover for the value of services he performed for appellee. We reverse and remand.

I

The trial court, sitting without a jury, found that Lee and Foote entered into an oral contract for the exchange of services. Lee agreed to perform rough and finished carpentry work on Foote's house at 1926 Eleventh Street, N.W., and Foote agreed to perform plumbing work on Lee's house at 467 M Street, N.W. Lee did rough carpentry work on Foote's house for approximately 30 days, but did not complete his performance by doing finished carpentry work.[1] Foote, however, never commenced the plumbing work at Lee's house, claiming that Lee prevented him from performing by hiring other plumbers to do the work without giving Foote a reasonable time in which to start the work. The trial court found that the evidence did not support Foote's assertion, and that Foote breached the contract without any legal justification.[2]

Lee sued to recover as damages the reasonable market value of his carpentry services to Foote. In his complaint, Lee sought $15,000 for the "reasonable market value" of his work and $5,000 in damages for Foote's failure to perform timely, which Lee claimed caused him "to fall behind in his job completion time table," and costs. In his answer to the complaint, Foote denied "the reasonable market value to the work 'performed' by Plaintiff." The trial court denied Lee the damages he sought on the ground that since the contract terms called for a mutual exchange of services, the proper measure of Lee's damages was the cost to him of hiring other plumbers to perform the work. As Lee failed to introduce any evidence of that cost, the trial court awarded him only nominal damages of one dollar. It is from this legal ruling by the trial court that Lee appeals.

II

When an express contract has been repudiated or materially breached by the defendant, restitution for the value of the non-breaching party's performance is available as an alternative to an action for damages on the contract. *Ingber v. Ross,* 479 A.2d 1256, at 1263 (D.C.1984) (citing 12 WILLISTON ON CONTRACTS § 1454

---

1. The trial court found that no explanation appeared from the evidence regarding why Lee did not complete performance, and that there was no indication Foote ever asked him to do so.

2. Foote also claimed he was not satisfied with Lee's performance. The court found that Foote knew good carpentry when he saw it, was present every day Lee performed, and never told him to stop or expressed any dissatisfaction with Lee's work.

at 14 (1970)).[3] Restitution for material breach or repudiation of a contract is based upon the principle of unjust enrichment. *TVL Associates v. A & M Construction Corp.*, 474 A.2d 156, 159 (D.C.1984) (citing D. Dobbs, *Handbook on the Law of Remedies* § 4.2 (1973));[4] 5 CORBIN, *supra* note 4, § 1106. The purpose of restitution is to require the wrongdoer to restore what he has received and thereby tend to put the injured party in as good a position as that occupied by him before the contract was made. 5 CORBIN, *supra* note 4, § 1107. *See also* RESTATEMENT (SECOND) OF CONTRACTS § 373 (1981).

█ Restitution is available in this jurisdiction for partial performance by a plaintiff of services under an express contract which has been breached by a defendant. In *Sterling v. Marshall*, 54 A.2d 353, 356 (D.C.1947), the plaintiff sued for the value of his engineering services to the defendant pursuant to an express contract.[5] The defendant had breached the contract after partial performance by the plaintiff; this court held that the plaintiff was entitled to recover for the reasonable value of his work. This principle was followed in *Aiken v. United Broadcasting Co.*, 238 A.2d 588, 590 (D.C.1968), where the plaintiff had agreed to do printing work for the defendant, who in turn agreed to provide the plaintiff with radio advertising. When the defendant failed to perform, the plaintiff sued him for the value of the printing services provided. The court held that

> Failure to provide service may result in a money judgment. Where the party from whom payment is due in something other than money, such as goods or other commodities, fails to pay in the particular way specified in the contract, payment in money may be demanded.

*Id.* at 590 (citation omitted).[6] *See also* 5 CORBIN, *supra* note 4, § 1112 (proper measure of recovery in restitution is the reasonable value of the part performance rendered by the plaintiff to the defendant, uncontrolled by the contract price or rate or by any other terms of the express contract).[7]

---

**3.** *Langer v. Lemke,* 78 N.D. 383, 49 N.W.2d 641, 647 (1951) (exchange of stock for land) (citing RESTATEMENT, CONTRACTS §§ 384, 397; 5 WILLISTON ON CONTRACTS § 1455). *See also United States ex rel. Susi Contracting v. Zara Contracting Co.,* 146 F.2d 606, 610 (2d Cir.1944) (construction contract, upon breach promisee has option to forego suit on contract and claim the reasonable value of his performance); *Oliver v. Campbell,* 43 Cal.2d 298, 300, 273 P.2d 15, 17–18 (1954) (en banc) (claim against estate for legal services rendered for deceased pursuant to written contract; one injured by breach of contract can elect to pursue any of three remedies: (1) treat contract as rescinded and recover for partial performance on *quantum meruit;* (2) enforce the contract; (3) repudiate the contract and obtain restitution for either net losses caused or profits prevented, or the reasonable value of services rendered).

**4.** Although the phrases restitution and *quantum meruit* are sometimes used interchangeably in regard to the measure of recovery, since both refer to unjust enrichment, restitution is properly limited to recovery where there is an express contract, 5 CORBIN ON CONTRACTS § 1106 (1964), while

> *Quantum meruit* may refer to either an implied contractual or quasi-contractual duty requiring compensation for services rendered

.... When the recovery is of the quasi-contractual sort it is in the nature of restitution; it is based on the principle of unjust enrichment and not on a contract.

*TVL Associates v. A & M Construction Corp., supra,* 474 A.2d at 159 (citations omitted).

**5.** Plaintiff's suit was in three counts: recovery based on an express contract; *quantum meruit* for services performed; damages for repudiation of the contract. *Sterling v. Marshall, supra,* 54 A.2d at 353.

**6.** Other jurisdictions also allow recovery for partial performance where there is an express contract. *Oliver v. Campbell,* 43 Cal.2d 298, 300, 273 P.2d 15, 17–18 (1954); *Hoefflin v. Wilkerson,* 184 Ky. 484, 210 S.W. 667 (1919); *Palmer v. Brown,* 184 Md. 309, 315, 40 A.2d 514, 517 (1945); *Weber v. Billman,* 165 Ohio St. 431, 438, 135 N.E.2d 866, 871 (1956); *Goldman v. Shapiro,* 16 N.J.Super. 324, 327, 84 A.2d 628, 630 (1951). *See also supra* note 3.

**7.** The RESTATEMENT (SECOND) OF CONTRACTS, *supra,* provides:

> § 371. Measure of Restitution Interest
> If a sum of money is awarded to protect a party's restitution interest, it may as justice requires be measured by either

The trial court found there was an express contract between Lee and Foote. It further found that Lee had performed carpentry work for Foote, which Foote had accepted, and that Foote had breached the contract by failing to perform any of the plumbing work he had agreed to render in return for Lee's performance. Despite finding an express contract, the trial court erroneously held as a matter of law that Lee was not entitled to recover for the value of his performance because the express contract called for Foote to render services rather than pay Lee for his performance.[8] Under *Sterling v. Marshall, supra,* and *Aiken v. United Broadcasting Co., supra,* Lee was entitled to recover in restitution for the reasonable value of his part performance.[9]

Because of its ruling denying Lee restitution of the value of his performance, the trial court did not make findings as to the reasonable value of Lee's carpentry work.

We are unable to determine on the record before us whether Lee presented sufficient evidence on that issue for the trial court to arrive at a "just and reasonable estimate based on relevant data" of the value of Lee's services.[10] *TVL Associates v. A & M Construction Corp., supra,* 474 A.2d at 160. Accordingly, we reverse and remand for a new trial limited to proof of the damages to which Lee is entitled as compensation for the reasonable value of the carpentry work which he rendered to Foote. *Roth v. Speck,* 126 A.2d 153, 156 (D.C.1956).

*Reversed and remanded.*

    (a) the reasonable value to the other party of what he received in terms of what it would have cost him to obtain it from a person in the claimant's position, or

    (b) the extent to which the other party's property has been increased in value or his other interests advanced.

**8.** The legal label for the relief sought is not controlling so long as the complaint complies with Super.Ct.Civ.R. 8 to put defendant on notice regarding the nature of the claim. *Edmund J. Flynn v. LaVay,* 431 A.2d 543, 549 n. 5 (D.C. 1981). The record demonstrates that the complaint put Foote on notice that Lee sought to recover the reasonable value of the services he had rendered to Foote.

**9.** The two cases in this jurisdiction primarily relied upon by Foote are distinguishable. Both *Leba v. Sills,* 175 A.2d 599 (D.C.1961) and *Standley v. Egbert,* 267 A.2d 365 (D.C.1970) involved written contracts for progress payments; payment of each progress payment was conditioned on the occurrence of events specified in the contracts. In *Leba v. Sills* (which was followed in *Standley v. Egbert*), the court held that such a contract is divisible in nature and a plaintiff is not entitled to recover in *quantum meruit* those progress payments which were conditioned on events which had not occurred. *Leba v. Sills, supra,* 175 A.2d at 600. The contract between Lee and Foote is not such a contract.

**10.** This case is not controlled, as Foote urges, by *Cobb v. Standard Drug,* 453 A.2d 110, 111–12 (D.C.1982), *Murchison v. Peoples Contractors,* 250 A.2d 920, 922 n. 7 (D.C.1969), and *D.C. Transit v. Milton,* 250 A.2d 549, 550 (D.C.1969). Lee appealed the trial court's holding barring, as a matter of law, his recovery for the reasonable value of his services. For that purpose, the record before this court is sufficient.